Samuel V. COOPER, Arnetta E. Cooper and Cheryl–McElhany– Matthews, Petitioners,

v.

COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 2, 1997.

Decided July 24, 1997.

Publication Ordered Sept. 5, 1997.

Timothy J. Finkelston, New Cumberland, for petitioners.

Lora A. Kulick, Harrisburg, for respondent.

Before DOYLE and LEADBETTER, JJ., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

This is a petition for review of an order of the Board of Finance and Revenue. We affirm.

■ The parties stipulated to the following facts. Samuel V. and Arnetta E. Cooper and their daughter, Cheryl McElhany–Matthews (petitioners), are co-owners of a prefabricated home located in Carnegie, Pennsylva-

---

nia. On November 15, 1991, petitioners paid the sum of $4,143.60 in Pennsylvania sales tax owing on their purchase of the home. On November 22, 1994, petitioners filed with the Commonwealth of Pennsylvania, Department of Revenue, Board of Appeals a petition for refund of the sales tax paid on the home. Petitioners' petition for refund was filed three years and seven days after the date of actual payment of the tax. On February 10, 1995, the Board of Appeals denied the petition for refund because petitioners filed it beyond the three year statutory appeal period set forth in section 253(a) of the Pennsylvania Tax Reform Code of 1971 ("Tax Code"), Act of March 4, 1971, P.L.6, *as amended*, 72 P.S. § 7253(a). The Board of Finance and Revenue sustained the Board of Appeals order. This appeal followed.[1]

On appeal, there is no dispute that petitioners would have received a refund of eighty (80%) percent of the sales tax paid if they had filed a petition for refund on or before November 15, 1994.[2] Petitioners argue that the Board's decision to deny petitioners' petition for refund must be overturned because the decision is not equitable.

Petitioners request that we consider the following so-called "facts." Petitioners learned of their entitlement to a refund only days before the three-year deadline was to run, and then only missed the filing deadline by seven days. Mr. and Mrs. Cooper are an elderly couple who rely on their daughter to assist them in running their day-to-day personal affairs. As the Coopers live in Pennsylvania and their daughter resides in California, petitioners must correspond at a great distance. Due to these special circumstances they had to scurry to make their refund claim and despite their honest efforts, the statute of limitations ran on their claim. (Petitioners' Brief at p. 6)

After the filing of a petition for review of an order of the Board of Finance and Revenue, the parties shall take appropriate steps both to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried. Pa.R.A.P. 1571(f). If necessary, this Court will conduct an evidentiary hearing and make additional findings of fact. *See* Pa.R.A.P. 1542(b); *Union Paving v. Commonwealth*, 148 Pa.Cmwlth. 358, 611 A.2d 360, 365 (1992).

■■■ Here, petitioners did not request an evidentiary hearing. The additional "facts" alleged by petitioners in their brief to this court were not included in their stipulation and, thus, are not facts of record which we may consider. Nevertheless, even if an evidentiary hearing had been held and petitioners' allegations had been accepted, petitioners would not be entitled to the relief they seek.

■■■ A specific provision of the Tax Code requires that refund of tax shall be made only where the taxpayer files a petition for refund with the Department of Revenue within three years of the actual payment of the tax to the Commonwealth. 72 P.S. § 7253(a). Our Supreme Court has noted that such limitations periods are absolute conditions to the right to obtain relief and are necessary to avoid great uncertainty in the budgetary planning and fiscal affairs of the Commonwealth. *Federal Deposit Ins. Corp. v. Board of Finance and Revenue*, 368 Pa. 463, 469–470, 84 A.2d 495, 498–99 (1951). In any case, equitable principles cannot vary the statutory requirements and this Court lacks the power to alter the explicit language of the statute. *Bethlehem Steel Co. v. Board of Finance and Revenue*, 431 Pa. 1, 10, 244 A.2d 767, 772 (1968).[3] While we are sympa-

1. Our scope of review of decisions of the Board of Finance and Revenue is very broad. Although cases from the Board are addressed to our appellate jurisdiction, we essentially function as a trial court. *Orsato–Guenon, Inc. v. Commonwealth*, 665 A.2d 520, 521 n. 3 (Pa.Cmwlth.1995).

2. *As* a result of a Commonwealth Court order entered in the matter of *Zink v. Commonwealth* (No. 60 F.R.1993; filed October 4, 1994), the Commonwealth issued a statement of policy pro-

viding that any purchaser of prefabricated housing could file a petition for refund of eighty percent of the sales tax paid on a prefabricated home within three years of the date of actual payment of the tax owing on the purchase price of such a home. See 61 Pa.Code § 60.18.

3. In support of their argument, petitioners rely upon *Orsato–Guenon, Inc. v. Commonwealth*, 665 A.2d 520 (Pa.Cmwlth.1995). That case did not involve judicial abrogation of a statutory limita-

thetic to petitioners, any burdensome effect of § 253(a) of the Tax Code is a matter for the legislature to resolve.

Accordingly, we affirm.

### ORDER

AND NOW, this 24th day of July, 1997, the order of the Board of Finance and Revenue dated August 22, 1995, is hereby affirmed.

tion period, but the selective application by the Department of Revenue of its rules concerning when to accord subchapter S treatment to a corporation. As such, it is entirely inapposite here.