**Ernest G. & Anita C. BIRO, Petitioners,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 1998.

Decided March 16, 1998.

No appearance entered for petitioners.

Lora A. Kulick, Harrisburg, for respondent.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

Ernest and Anita Biro (Petitioners), *pro se,* have filed in this Court a petition for review of a Board of Finance and Revenue (Board) decision affirming a Commonwealth Department of Revenue (Department) Board of Appeals determination that denied Petitioners' request for a sales tax refund. Petitioners have been precluded from filing a brief here. The Department requests that we grant summary relief and dismiss the petition for review.

This case arises from the following circumstances. On October 15, 1991, Petitioners paid $2,875.08 in Pennsylvania sales tax on their purchase of a prefabricated home. Approximately three years and six months later, on November 28, 1994, Petitioners filed a petition for refund of the tax. It is evident that, pursuant to a policy statement issued by the Department following an order of this Court, Petitioners would have been entitled to a refund of eighty percent of the sales tax within three years of the payment of the tax. *See Cooper v. Commonwealth,* 700 A.2d 553 (Pa.Cmwlth.1997). However, as Petitioners did not seek a tax refund until more than three years after they paid the tax, the Board agreed that the petition was properly dismissed in light of the three-year statute of limitations set forth in Section 253(a) of the

Tax Reform Code of 1971 (Tax Code),[1] which provides in relevant part:

... the refund or credit of tax, interest or penalty provided for by section 252 shall be made only where the person who has actually paid the tax files a petition for refund with the department within three years of the actual payment of the tax to the Commonwealth.

72 P.S. § 7253(a).

We are convinced that the Board did not err.[2] Petitioners do not dispute that they did not petition for a refund within the applicable three-year statute of limitations. Instead, they allege in their petition for review here that there was no notice of the statute of limitations and the potential tax refund until one month after the limitations period had expired, they were not at fault in their late filing for the refund, and they need the refund. Under these circumstances, although we believe Petitioners' situation is unfortunate, a resolution in favor of the Department here is directly compelled by our decision in *Cooper*, where we stated:

Samuel V. and Arnetta E. Cooper and their daughter ... [petitioners] are co-owners of a prefabricated home .... On November 15, 1991, petitioners paid the sum of $4,143.60 in Pennsylvania sales tax owing on their purchase of the home. On November 22, 1994, petitioners filed with the [Department] a petition for refund of the sales tax paid on the home .... [T]he Board of Appeals denied the petition for refund because petitioners filed it beyond the three year statutory appeal period set forth in section 253(a) .... This appeal followed ....

[T]here is no dispute that petitioners would have received a refund of eighty (80%) percent of the sales tax paid if they had filed a petition for refund on or before November 15, 1994. Petitioners argue that the Board's decision to deny petitioners' petition for refund must be overturned because the decision is not equitable .... Petitioners learned of their entitlement to a refund only days before the three-year deadline was to run, and then only missed the filing deadline by seven days. Mr. and Mrs. Cooper are an elderly couple who rely on their daughter to assist them in running their day-to-day affairs .... [D]espite their honest efforts, the statute of limitations ran on their claim ....

[E]ven if an evidentiary hearing had been held and petitioners' allegations had been accepted, petitioners would not be entitled to the relief they seek. A specific provision of the Tax Code requires that refund of tax shall be made only where the taxpayer files a petition for refund with the [Department] within three years of the actual payment of the tax to the Commonwealth. 72 P.S. § 7253(a). Our Supreme Court has noted that such limitations periods are absolute conditions to the right to obtain relief and are necessary to avoid great uncertainty in the budgetary planning and fiscal affairs of the Commonwealth. *Federal Deposit Ins. Corp. v. Board of Finance and Revenue*, 368 Pa. 463, 469–470, 84 A.2d 495, 498–99 (1951). In any case, equitable principles cannot vary the statutory requirements and this Court lacks the power to alter the explicit language of the statute. *Bethlehem Steel Co. v. Board of Finance and Revenue*, 431 Pa. 1, 10, 244 A.2d 767, 772 (1968). While we are sympathetic to petitioners, any burdensome effect of § 253(a) of the Tax Code is a matter for the legislature to resolve.

*Cooper*, 700 A.2d at 553–555 (footnotes omitted).

Given the pertinent authority set forth in *Cooper*, a case that is wholly on point, we have no choice but to agree with the Department's arguments in its brief and application for summary relief.

Accordingly, although we are sympathetic to Petitioners, we must affirm the Board's order and dismiss their petition for review.

---

1. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7101–10004.

2. Our scope of review of Board decisions is very broad; although cases from the Board are addressed to our appellate jurisdiction, we essentially function as a trial court. *Cooper.*

## ORDER

AND NOW, this 16th day of March, 1998, Respondent's application for summary relief is granted, the order of The Board of Finance and Revenue, BF & R Docket No. 29524, dated August 22, 1995, is hereby affirmed and Petitioners' petition for review is dismissed.