### Edwin and Ruth DAVIS, Petitioners,

v.

### COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 28, 1998.

Decided Oct. 27, 1998.

No appearance entered on behalf of petitioners.

Lola A. Kulick, Harrisburg, for respondent.

Before McGINLEY and PELLEGRINI, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Edwin and Ruth Davis (Petitioners), *pro se*, have filed in this Court a petition for review of a Board of Finance and Revenue decision affirming a Department of Revenue (Department) Board of Appeals determination denying their request for a sales tax refund. Petitioners have been precluded from filing a brief here. The Department requests that we grant it summary relief in this matter.

The pertinent facts are as follows. On June 18, 1992, Petitioners paid $3,013.80 in sales tax on the purchase price of a prefabricated home in West Newton. On July 17, 1995, three years and one month later, they filed a petition for refund of the sales tax with the Board of Appeals.[1] The Board of Appeals denied Petitioners' request and, on March 29, 1996, the Board of Finance and Revenue sustained that decision since Petitioners filed their petition for refund more than three years after they paid the sales tax. Prior to its most recent amendment, effective July 1, 1997, which in any event did not alter the applicable limitations period, Section 253(a) of the Pennsylvania Tax Reform Code of 1971 ("Tax Code"), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7253(a) stated in part that "the refund or credit of tax, interest or penalty provided for by section 252 shall be made only where the person who has actually paid the tax files a petition for refund with the department within three years of the actual payment of the tax to the Commonwealth." (Footnote omitted).

---

1. 61 Pa.Code § 60.18(b)(2) provides:

   *Refund.* A purchaser of prefabricated housing which has been installed in the performance of a construction activity may file a petition for refund of sales tax with the Board of Appeals within 3 years of the actual payment of the tax if the tax was paid by the purchaser. The Department will refund 80% of the sales tax paid.

   *See* 25 Pa.B. 1434, published April 15, 1995.

In their petition for review filed here on April 11, 1996, Petitioners assert that they did not hear about the refund until someone who moved into their trailer park told them about it; that Edwin Davis has been very ill since April of 1994 with several strokes; and that working full time and caring for him left Ruth Davis with little time to watch the news or read a newspaper. Petitioners, however, do not allege that they filed their petition for a refund within the applicable three-year limitations period.[2]

Although we are sympathetic to Petitioners' plight, our decision is controlled by statutory authority and existing case precedent—specifically, *Cooper* and *Biro v. Commonwealth of Pennsylvania*, 707 A.2d 1205 (Pa.Cmwlth.1998). In *Cooper*, we upheld the denial of a petition for refund filed after the statute of limitations period had expired although the Coopers asserted that they were an elderly couple who relied on their daughter, a California resident, to help them manage their daily affairs; they corresponded with her at a long distance; they had just learned of their entitlement to a refund days before the limitations period was to run; and they had filed their petition only a week late. Further, in *Biro*, relying on *Cooper*, we denied a petition for refund where the Biros alleged that they had not received notice of the statute of limitations and the potential tax refund until the limitations period had run; they were not at fault in filing late for the refund; and they needed the refund.

As we explained in *Cooper* and restated in *Biro*:

A specific provision of the Tax Code requires that refund of tax shall be made only where the taxpayer files a petition for refund with the Department of Revenue within three years of the actual payment of the tax to the Commonwealth. 72 P.S. § 7253(a). Our Supreme Court has noted that such limitations periods are absolute conditions to the right to obtain relief and are necessary to avoid great uncertainty in the budgetary planning and fiscal affairs of the Commonwealth. Federal Deposit Ins. Corp. v. Board of Finance and Revenue, 368 Pa. 463, 469–470, 84 A.2d 495, 498–99 (1951). In any case, equitable principles cannot vary the statutory requirements and this Court lacks the power to alter the explicit language of the statute. Bethlehem Steel Co. v. Board of Finance and Revenue, 431 Pa. 1, 10, 244 A.2d 767, 772 (1968). While we are sympathetic to petitioners, any burdensome effect of § 253(a) of the Tax Code is a matter for the legislature to resolve.

*Cooper*, 700 A.2d at 554–555; *Biro*, 707 A.2d at 1206. (Footnote omitted).

Since we are bound to follow the legal authority set forth in *Cooper* and again in *Biro*, we must agree with the Department's arguments and grant its request for summary relief.

For these reasons, we affirm the order of the Board of Finance and Revenue and dismiss Petitioners' petition for review.

### ORDER

AND NOW, this 27th day of October, 1998, the Order of the Board of Finance and Revenue, BF & R Docket No. 9561174, dated March 29, 1996, is hereby affirmed and Petitioners' petition for review is dismissed.

---

**2.** Our scope of review of Board of Finance and Revenue decisions is very broad. While cases from the Board are brought to our appellate jurisdiction, we function essentially as a trial court. *Cooper v. Commonwealth of Pennsylvania*, 700 A.2d 553 (Pa.Cmwlth.1997).