# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Alberti, : 
                Petitioner : 
                 : 
      v. : 
                 : 
Commonwealth of Pennsylvania, : Nos. 336 and 468 F.R. 2015
                Respondent : Submitted: May 7, 2018

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: May 31, 2018

Richard A. Alberti (Alberti) petitions this Court for review of the Board of Finance and Revenue's (Board) April 30, 2015 order (May Order)[1] affirming the Board of Appeals' (BOA) dismissal of his Petitions for Reassessment (Reassessment Petitions) as untimely, and the Board's July 16, 2015 order (July Order)[2] affirming the BOA's refusal to adjust the assessments based on Alberti's 2005 and 2006 tax year income. The issues before the Court are: (1) whether Alberti's appeals from his 2002 to 2004, and 2007 to 2011 tax assessments were timely filed;[3] and (2) whether Alberti's 2005 and 2006 income from Pennsylvania lottery winnings was exempt from personal income tax.

> Although this Court hears [appeals from Board of Finance and Revenue orders] in its appellate jurisdiction, it functions essentially as a trial court. Therefore, this Court

---

[1] The Board's April 30, 2015 order was mailed on May 8, 2015. *See* Alberti Br. Ex. A.

[2] The Board's July 16, 2015 order was mailed on July 21, 2015. *See* Alberti Br. Ex. B.

[3] Although Alberti challenges the Board's May Order in his brief to this Court, Alberti fails to specifically address the jurisdictional issues created by his late filings. *See* Alberti Br. at 1-2.

must consider a record made by the parties specifically for the Court rather than one certified to the Court from the proceedings below.[4]  Furthermore, a party appealing . . . has the burden of proof in a *de novo* proceeding before this Court.

*Armco, Inc. v. Commonwealth*, 654 A.2d 1191, 1192-93 (Pa. Cmwlth. 1993) (italics added; citations omitted).

## Background

Alberti is an attorney and professional gambler.  *See* Alberti Br. at 1, 3; *see also* Commonwealth Br. at 7.  On July 8, 1995, Alberti won the Pennsylvania Super 7 lottery's (Super 7) $25,876,090.50 jackpot, payable by John Hancock Mutual Life Insurance Company in 25 annual installments of $995,234.25.  *See* Alberti Br. at 3-4; *see also* Alberti Br. Ex. C.  "In 2009, [Alberti] sold a portion of the [John] Hancock annuity to Settlement Funding LLC for $1,062,720.00.  In 2010, [Alberti] sold the remainder of the [John] Hancock annuity to Settlement Funding LLC for $5,451,480.00."  Alberti Br. at 4-5.

Section 330(a) of the Tax Reform Code of 1971 (Code),[5] 72 P.S. § 7330(a), requires every Pennsylvania taxpayer having income for a taxable year to file a Pennsylvania Income Tax Return (PA-40) with the Commonwealth of Pennsylvania (Commonwealth), Department of Revenue (Department) on or before April 15th of the following year.  Alberti did not timely file state income tax returns

---

[4] The facts in Board appeals are typically stipulated by the parties pursuant to Rule 1571(f) of the Pennsylvania Rules of Appellate Procedure.  On September 6, 2017, Alberti filed a proposed stipulation of facts.  On October 6, 2017, the Commonwealth "disagree[d]" with all of Alberti's proposed facts.  Commonwealth Resp. to Proposed Stip. of Facts.  Notwithstanding, the parties filed a Joint Application for Submission of Decision on Briefs, which this Court granted on April 18, 2018.  Therefore, this Court relied upon the parties' briefs in reaching its decision.

[5] Act of March 4, 1971, P.L. 6, *as amended*, added by Section 4 of the Act of August 31, 1971.

for tax years 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010 or 2011.[6]  As a result, the Department created returns for those years based upon information it obtained from the Internal Revenue Service (IRS).  *See* Alberti Br. at 2.

On October 12, 2011, the Department issued Personal Income Tax Assessment Notices (Assessment Notice) to Alberti for tax years 2002, 2003, 2004, 2007, 2008 and 2009.[7]  *See* Commonwealth Br. Ex. A.  On July 16, 2012, the Department issued an Assessment Notice for tax year 2010.  *See* Commonwealth Br. Ex. A.  On July 14, 2014, the Department issued an Assessment Notice for tax year 2011.  *See* Commonwealth Br. Ex. A.

Alberti filed the Reassessment Petitions with the BOA on October 15, 2014 (relative to the 2007 tax year); on October 16, 2014 (for the 2004, 2008, 2009 and 2010 tax years); on November 1, 2014 (relative to the 2011 tax year); and on November 14, 2014 (for the 2002 and 2003 tax years).  *See* Commonwealth Br. Ex. B.  The BOA dismissed Alberti's Reassessment Petitions as untimely.  Alberti appealed to the Board.  On April 30, 2015, the Board affirmed the BOA's determination.  Alberti appealed from the Board's May Order to this Court (No. 336 F.R. 2015).

Alberti also failed to timely file Commonwealth income tax returns for tax years 2005 and 2006, thereby requiring the Department to create those returns

---

[6] The Department's Assessment Notices reflect that Alberti's Commonwealth tax returns were received for the following tax years on the specified date: 2002 on September 27, 2011; 2003, 2004, 2005, 2007 and 2008 on September 29, 2011; 2006 on September 23, 2011; 2009 on September 30, 2011; 2010 on July 3, 2012; and, 2011 on April 1, 2014.  Alberti clarified: "The [Department] prepared [tax] returns for [Alberti] for the [tax] years 2002 through 2011, based on information provided by the [IRS].  Since then, [Alberti] has filed [tax] returns for all years in question with both the Commonwealth and the IRS."  Alberti Br. at 2-3.

[7] Section 119.14(a) of the Department's Regulations requires taxes to "be assessed within three years after the return was filed."  61 Pa. Code § 119.14(a).

based on IRS information.[8]  The Department initially assessed Alberti taxes based on multiple income classes, including gambling and lottery winnings totaling $7,452,359.00 for 2005 and $1,783,834.00 in 2006.  *See* Commonwealth Br. at 7.  The Department's Assessment Notices reflect that Alberti's 2005 tax return was eventually received on September 29, 2011, and his 2006 tax return was received on September 23, 2011.  *See* Commonwealth Br. Ex. A; *see also* Alberti Br. at 2-3.  Therein, Alberti reported that his 2005 and 2006 gambling income was $0.00.  *See* Alberti Br. Ex. B (July Order) at 2.  After review, the Department issued a Notice of Reopened Assessment on September 26, 2014, in which the Department reduced Alberti's gambling and lottery income to $5,780,071.00 for the 2005 tax year and $819,416.00 for the 2006 tax year, and assessed him taxes in the amounts of $298,360.64 and $44,449.44, respectively.  *See* Commonwealth Br. at 7.  Alberti appealed to the BOA.

The BOA requested Alberti to supply evidence to support his 2005 and 2006 income adjustments, but Alberti failed to do so.  *See* Alberti Br. Ex. B at 2.  Thereafter, the BOA dismissed Alberti's appeal.  Alberti appealed to the Board for an adjustment to his taxable income for both years, and also requested a reduction in his $995,234.00 tax burden because his 1995 Super 7 lottery winnings were exempt from personal income tax at the time he won.  *See* Alberti Br. Ex. B at 2.  "[Alberti] acknowledged that he sold his Pennsylvania lottery annuity winnings to a third party for cash."  Commonwealth Br. at 8.  On July 16, 2015, the Board affirmed the BOA's determination, stating that the third-party sale was taxable income since Alberti realized gain from the disposition of property.  *See* Alberti Br. Ex. B at 2.  Alberti appealed from the Board's July Order to this Court (No. 468 F.R. 2015).

---

[8] Alberti acknowledged that the Department initially prepared his 2005 and 2006 tax returns based on IRS information.  *See* Alberti Br. at 2-3.

On November 18, 2015, this Court stayed Alberti's appeal from the Board's May Order. On December 9, 2015, this Court stayed Alberti's appeal from the Board's July Order. On June 2, 2016, this Court ordered Alberti's appeals consolidated for purposes of filing status reports. On October 31, 2017, this Court ordered the consolidated matters listed for argument.

**May Board Order**

Relative to the Board's May Order dismissing Alberti's Reassessment Petitions as untimely, Alberti argued to the Board[9] that the law does not prohibit his appeals. Section 340 of the Code provides: "Any taxpayer against whom an assessment is made may petition the [D]epartment for a reassessment pursuant to Article XXVII." 72 P.S. § 7340. However, at the time the Department's Assessment Notices were issued, Section 2702(a) of the Code stated: "A taxpayer may file a petition for reassessment with the [D]epartment within 90 days after the mailing date of the notice of assessment."[10] 72 P.S. § 9702(a); *see also* Section 344 of the Code, 72 P.S. § 7344 ("The [D]epartment may collect any tax . . . [a]fter [90] days from the mailing of . . . the notice of assessment, if no petition for reassessment has been filed[.]"); Section 119.10(a) of the Department's Regulations, 61 Pa. Code § 119.10(a) ("The Department will proceed to collect any tax due . . . , unless a taxpayer has filed a petition for reassessment within 90 days after mailing of the notice by the Department.").

The Department's Assessment Notices for the 2002, 2003, 2004, 2007, 2008, 2009, 2010 and 2011 tax years declared: "YOU HAVE THE RIGHT TO APPEAL FOR A REASSESSMENT . . . . AN APPEAL CAN BE FILED . . . ON OR BEFORE THE FILING

---

[9] Alberti does not discuss or argue this issue in his brief to this Court.

[10] The 90-day appeal period was amended to 60 days by Section 44 of the Act of October 30, 2017, P.L. 672.

DEADLINES LISTED ABOVE." *See* Commonwealth Br. Ex. A. The Department's October 12, 2011 Assessment Notices listed January 10, 2012 as the appeal deadline for the 2002, 2003, 2004, 2007, 2008 and 2009 tax year assessments. *See* Commonwealth Br. Ex. A. The Department's July 16, 2012 Assessment Notice specified October 14, 2012 as the appeal deadline for the 2010 tax year assessment. *See* Commonwealth Br. Ex. A. The Department's July 14, 2014 Assessment Notice designated October 12, 2014 as the appeal deadline for the 2011 tax year assessment. *See* Commonwealth Br. Ex. A.

Nevertheless, Alberti filed his Reassessment Petitions on October 15, 2014 for the 2007 tax year; on October 16, 2014 for the 2004, 2008, 2009 and 2010 tax years; on November 1, 2014 for the 2011 tax year; and, on November 14, 2014 for the 2002 and 2003 tax years. *See* Commonwealth Br. Ex. B. Accordingly, Alberti's Reassessment Petitions for the 2002, 2003, 2004, 2007, 2008, 2009 and 2010 tax years were filed more than 2 years late, and his Reassessment Petition for the 2011 tax year was filed 20 days late.[11] Alberti offered no explanation for his delayed filings.

Relevantly,

> in *Biro v. Commonwealth,* 707 A.2d 1205 (Pa. Cmwlth. 1998), this Court has recognized the well-established principle that '**limitations periods are absolute conditions**

---

[11] Alberti filed his Reassessment Petitions as follows:

| Tax Year | Due | Filed | Overdue |
|---|---|---|---|
| 2002 | January 10, 2012 | November 14, 2014 | 2y 10m 5d |
| 2003 | January 10, 2012 | November 14, 2014 | 2y 10m 5d |
| 2004 | January 10, 2012 | October 16, 2014 | 2y 9m 6d |
| 2007 | January 10, 2012 | October 15, 2014 | 2y 9m 5d |
| 2008 | January 10, 2012 | October 16, 2014 | 2y 9m 6d |
| 2009 | January 10, 2012 | October 16, 2014 | 2y 9m 6d |
| 2010 | October 14, 2012 | October 16, 2014 | 2y 2d |
| 2011 | October 12, 2014 | November 1, 2014 | 20d |

*See* Commonwealth Br. Exs. A, B.

> **to the right to obtain relief**.' *Id.* at 1206 (*quoting Fed*[.]
> *Deposit Ins*[.] *Corp. v. B*[*d.*] *of Fin*[.] [*&*] *Revenue, . . .* 84
> A.2d 495, 498 ([Pa.] 1951)).

*Scholastic Servs. Org., Inc. v. Commonwealth*, 721 A.2d 74, 76 (Pa. Cmwlth. 1998) (emphasis added). Thus, "[i]t is well established that **failure to timely appeal** an administrative agency's action **is a jurisdictional defect**[.]" *H.D. v. Pa. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000) (emphasis added); *see also Scholastic Servs*. Consequently, "[**n**]**either the** [**Board**] **nor this Court has the power to alter the explicit time limitations in the** [**Code**] based on equitable principles." *Quest Diagnostics Venture, LLC v. Commonwealth*, 119 A.3d 406, 414 (Pa. Cmwlth. 2015), *aff'd*, 148 A.3d 448 (Pa. 2016) (emphasis added).

Because it is clear that Alberti's appeals from his 2002, 2003, 2004, 2007, 2008, 2009, 2010 and 2011 tax year assessments were late-filed, the Board's May Order properly upheld the BOA's dismissal of Alberti's Reassessment Petitions for lack of jurisdiction. Accordingly, this Court affirms the Board's May Order.

### July Board Order

Alberti asserts relative to the Board's July Order that the Department erroneously included his $995,234.00 lottery payment in its calculation of his taxable income in 2005 and 2006, despite that lottery prizes were exempt from personal income tax. The Department rejoins that, although state lottery prizes are tax-exempt, when Alberti sold his winnings for cash, he realized gain from the disposition of property which was taxable, and Alberti has not supplied documentation to the contrary.

Effective July 21, 1983, state lottery prizes were excluded from Pennsylvania's personal income tax. Section 103.17 of the Department's Regulations states, in pertinent part:

Gambling and lottery winnings, other than prizes of the State Lottery won on or after July 21, 1983, shall be taxable. These consist of gains arising from gambling and lotteries. In calculating gains, the taxpayer may deduct gambling and lottery losses, other than losses incurred in the State Lottery on or after July 21, 1983, but may not deduct the costs and expenses incurred in connection with the gambling and lottery activity.

61 Pa. Code § 103.17. Accordingly, Alberti's 1995 Super 7 annuity payments were not subject to personal income tax.

Significantly, Section 302(a) of the Code[12] provides:

Every resident individual . . . shall be subject to, and **shall pay for the privilege of receiving each of the classes of income hereinafter enumerated in [S]ection 303 [of the Code**, 72 P.S. § 7303], a tax upon each dollar of income received by that resident during that resident's taxable year at the rate of three and seven hundredths per cent [(3.07%)].

72 P.S. § 7302(a) (emphasis added). Section 303(a)(3) of the Code lists eight classes of taxable income, including, in relevant part:

Net gains or income from disposition of property. **Net gains or net income**, less net losses, *derived from* **the sale, exchange or other disposition of property** . . . on or after the effective date of this amendatory act by the Commonwealth . . . . For the purpose of this article:

. . . .

(iii) The term 'net gains or income' and 'net losses' shall not include gains or income or loss derived from obligations which are statutorily free from [s]tate or local taxation under the [A]ct of August 31, 1971 (P.L. 395, No. 94) [(Act 94)[13]], entitled 'An act exempting from taxation for [s]tate

---

[12] Added by Section 8 of the Act of August 4, 1991, P.L. 97.

[13] Section 2 of Act 94 states:

Notwithstanding the provisions of any law presently or hereafter enacted to the contrary, all obligations, their transfer and the income therefrom (including any profits made on the sale thereof), issued by

and local purposes within the Commonwealth certain obligations, their transfer and the income therefrom (including any profits made on the sale thereof), issued by the Commonwealth . . . .

72 P.S. § 7303(a)(3)[14] (italic and bold emphasis added). However, Section 7 of Act of December 3, 1993, P.L. 473, repealed Act 94 with respect to obligations arising on or after its effective date (*i.e.*, February 1, 1994). Section 103.13(j) of the Department's Regulations clarifies: "For purpose of determining net gains or income from the disposition of property, **gain or loss shall be recognized on the sale**, exchange or other disposition **of obligations issued by the Commonwealth** . . . **on or after February 1, 1994**." 61 Pa. Code § 103.13(j) (emphasis added). Therefore, as of February 1, 1994, taxable net gains or income *include* income *derived from* exempt obligations. Accordingly, **net gains or income *derived from* Alberti's 1995 lottery winnings are taxable in the years during which they are sold or exchanged**. *See* 72 P.S. § 7303(a)(3).

Moreover, under the authority of Section 335 of the Code, 72 P.S. § 7335 (relating to recordkeeping requirements), the Department promulgated Section 103.17 of the Department's Regulations, wherein it declared that "the taxpayer shall maintain detailed records substantiating losses[, and] . . . shall have the burden of proving losses." 61 Pa. Code § 103.17. Despite that Alberti claimed $0.00 income in his 2005 and 2006 PA-40s, he failed to produce documentation to substantiate any losses in those years.

---

the Commonwealth . . . shall at all times be free from taxation for [s]tate and local purposes within the Commonwealth . . . .

72 P.S. § 4752-2.

[14] Notably, Section 303(a)(7) of the Code includes "[g]ambling and lottery winnings other than noncash prizes of the Pennsylvania State Lottery[,]" in its taxable income list. 72 P.S. § 7303(a)(7). Section 7 of the Act of July 13, 2016, P.L. 526, added "noncash" to this subsection. Thus, state lottery cash winnings became subject to personal income tax as of July 13, 2016.

Because Alberti's sale of his lottery annuity to a third party represented a taxable disposition of property, and Alberti failed to prove losses in those years, the Board's July Order properly upheld the BOA's denial of Alberti's 2005 and 2006 assessment appeals. Accordingly, this Court affirms the Board's July Order.

**Conclusion**

Based on the foregoing, the Board's orders are affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Alberti, : 
              Petitioner : 
                 : 
       v. : 
                 : 
Commonwealth of Pennsylvania, :    Nos. 336 and 468 F.R. 2015
           Respondent : 

## O R D E R

AND NOW, this 31st day of May, 2018, the Board of Finance and Revenue's April 30, 2015 order (mailed May 8, 2015) and July 16, 2015 order (mailed July 21, 2015) are affirmed.

Unless exceptions are filed within 30 days pursuant to Pennsylvania Rule of Appellate Procedure 1571(i), this Court's order shall become final.

 

_____
ANNE E. COVEY, Judge