# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allegheny County                          :
Department of Public Works,               :
                    Petitioner            :
                                          :
          v.                              :
                                          :
Commonwealth of Pennsylvania,             :     No. 473  F.R. 2015
                    Respondent            :     Argued:  October 3, 2019


BEFORE:     HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE ROBERT SIMPSON, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED:  October 24, 2019


          Allegheny County Department of Public Works (Public Works)
petitions for review from an order of the Board of Finance and Revenue (Board)
dated July 16, 2015 denying its petitions seeking refunds for taxes paid pursuant to
the Liquid Fuels and Fuels Tax Act (Act), 75 Pa.C.S. §§ 9001-9022, for the years
2008 through 2013.  The Board denied Public Works' petitions because it failed to
provide proof of tax payment.  We vacate the Board's order and dismiss Public
Works' petitions seeking refunds.

          The parties stipulated to the following facts.[1]  In January 2015, Public
Works filed petitions with the Board requesting refunds for liquid fuels taxes paid

---

[1] The stipulation of facts is binding and conclusive upon this Court though we may draw
our own legal conclusions from those facts.  *Norris v. Commonwealth*, 625 A.2d 179, 182 (Pa.
Cmwlth. 1993).

for the years 2008 through 2013. Joint Stipulation of Facts (Stipulation) ¶¶ 3-8; Reproduced Record (R.R.) 1a-7a. Public Works asserted in its petitions that it was entitled to the refunds because "Allegheny County is a political subdivision of the Commonwealth of Pennsylvania and is exempt from paying the [l]iquid [f]uels [t]ax." R.R. 11a, 18a, 22a, 26a, 30a, & 34a. The exemption to which Public Works referred is in Section 9004(e)(4) of the Act, which provides that tax imposed "shall not apply to liquid fuels, fuels or alternative fuels" delivered to a political subdivision on presentation of evidence satisfactory to the [Department of Revenue of the Commonwealth]." 75 Pa.C.S. § 9004(e)(4).[2]

On or about May 13, 2015, the Board held a hearing regarding Public Works' refund petitions for taxes paid from 2008 through 2013 and, at the hearing, Public Works agreed to provide additional information regarding its appeals. Stipulation ¶¶ 11-12. On May 28, 2015, a Board official sent follow-up correspondence to Public Works requesting additional information to support the 2012 and 2013 petitions and requested that the information be provided within 20 days. *Id*. ¶¶ 13-15. On June 4, 2015, Public Works informed the Board that it was obtaining the requested information and the Board entered an order deferring a decision on Public Works' petitions until a future meeting of the Board. *Id*. ¶¶ 16-17. On July 2, 2015, a Board official contacted Public Works inquiring into whether Public Works was still gathering additional information, but Public Works did not respond to this inquiry. *Id*. ¶¶ 18-19. The Board subsequently rendered its decision dated July 16, 2015, and mailed July 22, 2015, to deny Public Works' petitions. *Id*. ¶ 20. The Board explained that Public Works "failed to provide proof of tax payment for the periods in question. Consequently, no relief can be granted." *Id*., Ex. H, pg.

---

[2] The parties do not dispute that Public Works is a political subdivision.

2

2, R.R. 127a. On July 30, 2015, Public Works asked the Board to reconsider its decision but the Board denied Public Works' request. Stipulation ¶¶ 21-22. Subsequently, Public Works filed a petition for review with this Court.[3]

Before this Court, Public Works argues that the Board erred when it dismissed its requests for refunds[4] because it provided "sufficient data to specify the amount of tax paid."[5] Petition for Review (Petition) ¶ 5(b), R.R. 130a. Public Works further contends that the Board erred by issuing its determination before Public Works provided additional information and, additionally, erred by refusing to reconsider its decision. Petition ¶ 5(c), R.R. 131a. Public Works seeks an order reversing the Board's determination and granting the requested refunds or,

---

[3] This Court reviews *de novo* the determinations of the Board. *Kelleher v. Commonwealth*, 704 A.2d 729, 731 (Pa. Cmwlth. 1997). Although cases from the Board are addressed to our appellate jurisdiction, we function as a trial court. *Cooper v. Commonwealth*, 700 A.2d 553, 554, n.1 (Pa. Cmwlth. 1997).

[4] Though Public Works asserts in its petition that the Board erred with respect to its decision relating to the petitions seeking refunds for the years 2008 through 2013, Petition ¶ 5(b), R.R. 131a, Public Works represents in its Brief to this Court that the 2008 and 2009 petitions are not at issue before this Court "[p]ursuant to a discussion between the parties." Public Works' Brief at 6, n.1. Public Works seeks a refund in the amount of $120,015.25 for taxes paid for the years 2010 through 2013. *Id*. at 11.

[5] Public Works argues that it attached several documents to its petitions to demonstrate the fuel taxes paid. Public Works attached letters from Allegheny County's fuel credit card system vendor, WEX, Inc., for the periods at issue that show that Public Works "was charged the pump price which included taxes" and "no adjustments were made to the account to remove these taxes in this category on the monthly billing statement." Public Works' Brief at 10; R.R. 27a, 31a & 35a. Additionally, Public Works submitted a "Fleet Services Vehicle Analysis Report for each calendar year stating the amount of fuel and the amount of reported tax for various Allegheny County users." Public Works' Brief at 10; R.R. 41a & 123a. Finally, Public Works attached Allegheny County's reports entitled "A/P Payment History Detail Report" substantiating payments made to WEX, Inc. for fuel purchases. Public Works' Brief at 10; R.R. 1b-36b. We note that Public Works numbered the reports as "R.R. 1b-36b" though the documents are included in the reproduced record as opposed to the supplemental reproduced record. *See* Pa.R.A.P. 2173 (explaining that citations to the reproduced record are to include a small "a" whereas citations to the supplemental reproduced record are to include a small "b").

3

alternatively, an order reversing the Board's determination and granting Public Works leave to supplement the information already submitted to the Board. Petition ¶ 6, R.R. 131a. The Commonwealth counters that Public Works' requests for refunds should be rejected because Public Works filed the requests late and the Board could not consider the matters. Commonwealth's Brief at 10 & 13-14.[6] Even if Public Works had filed timely requests, it did not meet its burden because it did not establish that "it actually paid the tax in question to the Commonwealth." *Id*. at 14. Before we can reach the merits of Public Works' appeal, we must first consider whether Public Works' petitions to the Board were timely filed.

Section 9017(a) of the Act allows the Department of Revenue to refund taxes, penalties, interest, fines, additions and other money collected pursuant to this chapter in accordance with the Tax Reform Code of 1971,[7] *except* as provided in subsection (a.1). 75 Pa.C.S. § 9017(a). Subsection (a.1) provides:

> [T]he *board may refund on an annual basis any tax imposed by this chapter and collected by the department upon liquid fuels or fuels delivered to any entity exempt from tax under section 9004(e)* (relating to imposition of tax, exemptions and deductions) which has not been claimed as exempt by the distributor or otherwise

---

[6] The Commonwealth could not file an answer to the petition but is allowed to raise any question for our review pursuant to Pennsylvania Rule of Appellate Procedure 1571(e).

[7] Section 3003.1 of the Act of March 4, 1971, P.L. 6, No. 2, *as amended*, added by Section 14 of the Act of July 1, 1985, P.L. No. 78, 72 P.S. § 10003.1. Section 3003.1 addresses petitions for refunds and provides that a taxpayer that has actually paid tax to the Commonwealth, or its agent or licensee, may petition the Department of Revenue for a refund or credit of the tax paid. 72 P.S. § 10003.1(a). Section 3003.1 further provides that "*[e]xcept as otherwise provided by statute*, a petition for refund must be made to the department within three years of actual payment of the tax . . . ." *Id*. (emphasis added). Subsection (a.1) of Section 9017 of the Act provides a separate process to obtain refunds for the payment of taxes on liquid fuels or fuels delivered to any entity exempt from tax.

refunded. The board may adopt regulations relating to the proceedings for the administration of its duties under this subsection.

75 Pa.C.S. § 9017(a.1) (emphasis added). The Commonwealth asserts that the annual filing requirement is elaborated upon in the regulation at 61 Pa. Code § 303.12:

> *Claims for refunds by political subdivisions shall be made annually, ending December 31*, and *shall be submitted to the Board not later than March 31, of the succeeding year*: and the Board will refuse to consider a claim received or postmarked after that date.

61 Pa. Code § 303.12 (emphasis added); Commonwealth's Brief at 11. Reading the Act and the regulation together, the Commonwealth argues that Public Works had to file a claim for a refund with the Board "annually by March 31st of the succeeding year." Commonwealth's Brief at 11. Upon review, we agree.

Section 9017(a.1) of the Act imposes on the Board a duty to refund taxes on an "annual basis" imposed and collected by the Department of Revenue upon liquid fuels or fuels delivered to any political subdivision. 75 Pa.C.S. § 9017(a.1). To enable the Board to refund taxes, the political subdivision must first make a claim for a refund with the Board. The regulation provides the process for political subdivisions to do so. *See* 61 Pa. Code § 303.12.[8] The regulation states that "[c]laims for refunds by political subdivisions shall be made annually, ending December 31" and the political subdivision "shall" submit its claims to the Board no

---

[8] Section 303.12 is part of Chapter 303 of Title 61. *See* 61 Pa. Code §§ 303.1-303.25. Chapter 303 was "promulgated by the Board and the Department *in order to effect refunds of liquid fuels tax to political subdivisions as set forth in the act*, in accordance with the opinion of the Attorney General of the Commonwealth of July 28, 1970." 61 Pa. Code § 303.1 (emphasis added).

later than "March 31, of the succeeding year." *Id*. The regulation imposes a duty on a political subdivision to file a claim and provides when the claim must be filed to enable the Board to perform its duty, which is to refund taxes on an "annual basis." 75 Pa.C.S. § 9017(a.1). Therefore, we conclude that Public Works had to file its claims for refunds with the Board by no later than March 31st of the succeeding year, as provided in the regulation, for the Board to consider its claims.

Here, Public Works did not file its petitions for liquid fuels tax refunds for the years 2008 through 2013 on time. As provided in the Stipulation, Public Works filed a petition with the Board on January 13, 2015 seeking a tax refund for the period of January 1 through December 31 for the year 2013. Stipulation ¶ 3. Because the claim for 2013 taxes was due by March 31, 2014, this petition was late. Similarly, on January 28, 2015, Public Works filed the petitions with the Board seeking a refund for taxes paid from January 1 through December 31 for the years 2008, 2009, 2010, 2011 and 2012. *Id*. ¶¶ 4-8. But, these claims were to be filed with the Board by March 31 of the succeeding year, that is, by March 31, 2009, 2010, 2011, 2012 and 2013, respectively, and, therefore, were also late. Because Public Works did not submit its claims for refunds on time, the Board should have refused to consider the claims.

We, therefore, vacate the Board's order denying Public Works' petitions for failure to provide proof of tax payment and dismiss Public Works' petitions for failure to timely file its requests for refunds.

_____
CHRISTINE FIZZANO CANNON, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allegheny County      :
Department of Public Works,   :
     Petitioner    :
            :
    v.       :
            :
Commonwealth of Pennsylvania,  :  No. 473  F.R. 2015
     Respondent   :

## O R D E R

AND NOW, this 24th day of October, 2019, the order of the Board of Finance and Revenue dated July 16, 2015 is VACATED and the petitions filed by the Allegheny County Department of Public Works seeking refunds for taxes paid pursuant to the Liquid Fuels and Fuels Tax Act, 75 Pa.C.S. §§ 9001-22, for the years 2008 through 2013 are DISMISSED.  Unless exceptions are filed within 30 days pursuant to Pa.R.A.P. 1571(i), this order shall become final.

             _____
             CHRISTINE FIZZANO CANNON, Judge