J-S56042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL R. PETERS, | : | |
| | : | |
| Appellant | : | No. 209 MDA 2018 |

Appeal from the PCRA Order Entered January 4, 2018
in the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000221-2016

BEFORE: GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 20, 2018**

Daniel R. Peters ("Peters") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 9, 2016, while Peters was on state parole,[1] police apprehended and charged him with numerous offenses, including, *inter alia*, driving under the influence of a controlled substance, theft by unlawful taking, and recklessly endangering another person.[2] On May 10, 2016, Peters entered a negotiated guilty plea to the above-listed offenses. On July 21,

_____

[1] Peters was on parole regarding a prior case docketed at CP-08-CR-0000523-2010 (hereinafter "Case No. 523-2010"). According to the PCRA court, at the time Peters committed the offenses in the instant case, he was thirteen days short of reaching his maximum sentence on Case No. 523-2010. The record contains no other information concerning Case No. 523-2010 or any sentence imposed in that case.

[2] **See** 75 Pa.C.S.A. § 3802(d)(1)(ii); 18 Pa.C.S.A. §§ 3921(a), 2705.

2016, the trial court sentenced Peters to an aggregate prison term of 27 months and three days to five years, plus fines, costs, and restitution. Notably to the instant appeal, the court ordered this sentence to run concurrent with the sentence at Case No. 523-2010. Peters did not file any post-sentence motions or a direct appeal.

On December 14, 2017, Peters filed a *pro se* "Motion to Modify Sentence *Nunc Pro Tunc*," which the PCRA court construed as a first PCRA Petition.[3] By an Order entered on January 4, 2018, the PCRA court dismissed the first PCRA Petition as being untimely filed,[4] and not subject to any of the PCRA's timeliness exceptions.

Four days after the dismissal of the first PCRA Petition, Peters filed an additional *pro se* PCRA Petition (hereinafter the "Supplemental PCRA Petition"). The PCRA court, in an Order addressing this Petition, stated that the Petition "likely crossed in the mail with the January [4], 2018 Order," and

_____

[3] We will likewise treat Peters's Motion as a Petition filed pursuant to the PCRA, and hereinafter refer to it as the "first PCRA Petition." *See Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." (citation and ellipses omitted)).

[4] We note that the PCRA court did not issue a Pa.R.Crim.P. 907 notice of its intention to dismiss the first PCRA Petition without a hearing. However, we need not determine whether the court's omission was error because Peters has not raised this issue on appeal. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (stating that "[t]he failure to challenge the absence of a Rule 907 notice constitutes waiver.").

the court thus "dismissed [the Supplemental PCRA Petition] as having been previously found to be untimely by said Order." Order, 1/15/18 (capitalization omitted).

Peters timely filed a *pro se* Notice of Appeal, followed by a counseled, court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.[5] The PCRA court then issued a Rule 1925(a) Opinion.[6]

Peters presents the following issues for our review:

1. Did [the] trial court err[] in giving [Peters] a concurrent sentence?

2. Did [the PCRA] court err[] in its denial of [Peters's] *Nunc Pro Tunc* and PCRA [Petitions] to correct the illegal sentence?

Brief for Appellant at 3. We will address Peters's issues simultaneously, as they are related.

---

[5] Our review of the record discloses that Peters was represented by counsel of record, John Bender, Esquire ("Attorney Bender"), of the Bradford County Public Defender's Office ("the PD Office"), during the collateral review proceedings. A few days after Peters filed his *pro se* first PCRA Petition, Attorney Bender filed a Petition to Withdraw his appearance, asserting that Peters had discharged Attorney Bender, and retained private counsel, in July 2016. The PCRA court, upon considering Peters's *pro se* Objection to Attorney Bender's Petition, denied the Petition and directed the PD Office to promptly contact Peters to discuss his case and review the record for any potential claims for collateral relief. A separate attorney with the PD Office thereafter timely filed a Concise Statement on Peters's behalf, followed by an appellate brief. This new counsel has not taken issue with Peters's representation in connection with his first PCRA Petition.

[6] The PCRA court's brief Opinion does not set forth any rationale for the court's ruling.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. *Id.*

The PCRA provides that "[a]ny [PCRA] petition … shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Here, Peters's judgment of sentence became final in August 2016. Peters did not file his first PCRA Petition until December 14, 2017, and, therefore, it is facially untimely. Accordingly, Peters's first PCRA Petition is time-barred unless he has pled and proven one of the three exceptions to the PCRA's time limitation contained in 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Importantly, any PCRA petition invoking one of the timeliness exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Peters invokes the newly-discovered facts exception at subsection 9545(b)(1)(ii). We have explained that this exception

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this

- 4 -

exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**_Commonwealth v. Brown_**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted).

In invoking the newly-discovered facts exception, Peters contends that following "a state parole hearing in December 2017,"[7] he discovered that his sentence is illegal.[8]  Brief for Appellant at 6, 10.  Peters maintains that upon review, he discovered that

> section 6138 of the Prisons and Parole Code states that once a parolee is recommitted as a convicted violator, the original sentence and any new sentence must be served **consecutive** to each other.  61 Pa.C.[S.]A. § 6138(a)(5).[9]  Thus, [Peters] must serve his … back time and the new sentence in consecutive order.

---

[7] The record contains no information regarding this purported hearing.

[8] Aside from his vague reference to the December 2017 parole hearing, Peters does not identify or explain the information that caused him to conclude his sentence is illegal.  However, a review of the record indicates that Peters is likely referencing an exhibit that he attached to his Supplemental PCRA Petition, a form correspondence issued by the Pennsylvania Department of Corrections ("DOC") titled "DC16E – Sentence Status Summary" (hereinafter "the DOC Notice").  Among other things, the DOC Notice informed Peters of his maximum release date, *i.e.*, December 9, 2019.  Significantly, the DOC Notice is dated April 10, 2017.

[9] Subsection 6138(a)(5) provides, in relevant part, as follows:  "If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases: *(i)* If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution."  61 Pa.C.S.A. § 6138(a)(5)(i) (paragraph break omitted); **_see also Commonwealth v. Kelly_**, 136 A.3d 1007, 1013 (Pa. Super. 2016) (explaining subsection 6138(a)(5)(i) by stating, "[i]n other words, where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence.").

Brief for Appellant at 8-9 (emphasis and footnote added).[10]

The Pennsylvania Supreme Court has explained that although "challenges to the legality of a sentence cannot be waived[,] and [] a court may raise sentence illegality *sua sponte*, … a trial court **must first have jurisdiction to address the illegality** …." ***Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) (emphasis added) (citing ***Robinson v. Pa. Board of Probation and Parole***, 582 A.2d 857, 860 (Pa. 1990) (stating that "[j]urisdiction is the predicate upon which a consideration of the merits must rest."). Moreover, "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits** or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).

Even assuming, *arguendo*, that the DOC Notice, and/or Peters's "discovery" of subsection 6138(a)(5)(i), constituted "new facts" for purposes of the newly-discovered facts exception, Peters has not proven that he filed his PCRA Petition within 60 days of discovering those "facts," in violation of 42 Pa.C.S.A. § 9545(b)(2) (mandating that any PCRA petition invoking one of the

---

[10] Though Peters points out that the sentencing Order in the instant case ordered his sentence to run concurrent with the sentence at Case No. 523-2010, Peters avers that the latter sentence expired prior to sentencing in the instant case. **See** Rule 1925(b) Concise Statement at 1; First PCRA Petition at ¶ 5. Peters appears to believe that the trial court's imposing a concurrent sentence impacted his aggregate period of incarceration in some fashion that Peters fails to explain.

timeliness exceptions "**shall** be filed within 60 days of the date the claim could have been presented." (emphasis added)). ***See Fahy***, 737 A.2d at 219 (emphasizing that the 60-day time period is mandatory and jurisdictional in nature); ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000) (stating that if a PCRA petition invoking one of the timeliness exceptions is "not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims."); ***Commonwealth v. Vega***, 754 A.2d 714, 718 (Pa. Super. 2000) (stating that the 60-day requirement "will be enforced strictly"). Though the DOC Notice was issued on April 10, 2017,[11] Peters did not file his Supplemental PCRA Petition mentioning the DOC Notice until **273 days later**. ***See Vega***, 754 A.2d at 718 (stating that "[s]ince we cannot ascertain whether [the PCRA petitioner] acted promptly and filed his PCRA petition within sixty days of discovering the Parole Board's alleged error, we cannot provide relief under the exception set forth at subsection 9545(b)(1)(ii)."). Finally, concerning Peters's "discovery" of subsection 6138(a)(5)(i), he failed to plead and prove specific facts to demonstrate that he (1) invoked this statute within 60 days of his discovery of it, ***see Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000); and (2) could not

_____

[11] The DOC Notice bears a notation that it was "distributed" to Peters.

have discovered this information earlier by the exercise of due diligence.[12]

**See Brown**, **supra**.

Accordingly, as the PCRA court and this Court lack jurisdiction to address the merits of Peters's claims, the PCRA court did not err in dismissing Peters's first PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2018

---

[12] Subsection 6138(a)(5)(i) was public and in effect at the time Peters received his sentence, when he was represented by counsel. Thus, the statute's application as a public law was ascertainable through reasonable diligence. **See Commonwealth v. Shiloh**, 170 A.3d 553, 558-59 (Pa. Super. 2017) (stating that the presumption that public records cannot serve as newly-discovered facts applies where a petitioner is represented by counsel); **cf. Kelly**, 136 A.3d at 1011-12, 1014 (where Kelly, who was on state parole, pled guilty to several offenses in exchange for a negotiated sentence, including a specific effective date for his new sentence, but Kelly later learned that the effective date of his new sentence would be nearly two years later because of the application of subsection 6138(a)(5)(i), holding that the PCRA court erred in denying Kelly's **timely** PCRA petition alleging that his counsel was ineffective for negotiating a plea that was unenforceable and that the sentence he received pursuant to the plea was illegal).