582 A.2d 857

**Willie ROBINSON, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE.**

Supreme Court of Pennsylvania.

Argued Jan. 23, 1990.

Decided Nov. 15, 1990.

506

Al Flora, Jr., Basil G. Russin, Wilkes–Barre, for appellant.

Robert Greevy, Chief Counsel, Timothy P. Wile, Asst. Chief Counsel, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

OPINION

NIX, Chief Justice.

This is one of six appeals consolidated for this Court's review of the Commonwealth Court's order assessing costs and attorneys' fees against appellant for the filing of a frivolous appeal.[1] Having previously determined that the Commonwealth Court has the power to issue such an order, *Smith v. Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990), we now consider whether the Commonwealth Court erred in sanctioning counsel for filing a frivolous appeal where the appeal was untimely filed in that court, and where counsel was appointed after the time for appeal had expired but failed to offer any justification for the delay. For the reasons that follow, we affirm the order of the Commonwealth Court. 119 Pa.Cmwlth. 513, 547 A.2d 838.

On February 2, 1987, the Pennsylvania Board of Probation and Parole ("Board") recommitted appellant to serve

---

1. *Amaker v. Commonwealth, Board of Probation and Parole*, 525 Pa. 100, 576 A.2d 50 (1990); *Thornton v. Commonwealth, Board of Probation and Parole*, 525 Pa. 180, 578 A.2d 1289 (1990); *Shadle v. Commonwealth, Board of Probation and Parole*, 525 Pa. 233, 579 A.2d 877 (1990); *Commonwealth, Department of Transportation v. Lansberry*, 524 Pa. 486, 574 A.2d 65 (1990); *Smith v. Commonwealth, Board of Probation and Parole*, 524 Pa. 500, 574 A.2d 558 (1990).

eighteen months' backtime as a technical parole violator. On February 11, 1987, the Board ordered appellant recommitted to an additional fifteen months' backtime as a convicted parole violator. On May 20, 1987, the Board modified this order to apportion eighteen months' backtime to petitioner's one-and-one-half-years served on a one-to-seven year sentence. Notice of this decision was mailed to appellant on June 9, 1987. The Board received appellant's *pro se* application for administrative relief from the May 20, 1987, order on July 17, 1987, eight days beyond the thirty-day period provided for such relief. On July 29, 1987, the Board dismissed this application as untimely pursuant to 37 Pa. Code § 71.5(h).[2]

On April 19, 1988, nearly nine months after the appeal period had expired,[3] appellant filed a *pro se* petition for review in the Commonwealth Court. The Luzerne County Public Defender was appointed to represent appellant in his appeal. Thereafter, upon a petition by the Board, the court dismissed the appeal, determining that it was untimely filed in that court and therefore frivolous. The court ordered appellant and the Public Defender to pay costs and attorney's fees pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2744. That rule provides:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> (1) a reasonable counsel fee and

**2.** This provision is now codified at 37 Pa.Code § 73.1(b)(1), which provides that petitions for administrative review are to be received at the Board's central office within thirty days of the mailing date of the Board's determination. Section 73.1(b)(3) warns that petitions for administrative review which are out of time will not be received.

**3.** Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 903(a) states:
    **Rule 903. Time for Appeal**
      (a) General rule. Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

(2) damages for delay at the rate of 6% per annum in addition to legal interest,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

This appeal followed.

Appellant contends that the Commonwealth Court erred in assessing costs and attorneys' fees against him in this case because counsel was appointed specifically for the purpose of filing the appeal. Appellant maintains that once the Commonwealth Court appointed counsel to pursue his already untimely appeal, it could reasonably be assumed that the court was willing to overlook the time bar and address the merits of his appeal.

In making the instant assertions, appellant misperceives the purpose of the court in appointing counsel. By providing representation for a defendant the court does not pass upon the merit of the claims raised, but merely provides an indigent with legal assistance in raising them. Counsel still maintains the burden of arguing any and all claims the court should consider in evaluating the merits of the appeal. These include any procedural defects which may appear to preclude consideration of the merits of the appeal.

In the instant matter, once counsel was appointed his initial duty was to offer some reasonable justification for the failure to file the appeal within the time period established by the rules. A court is permitted to allow the filing of a petition after time has expired where some legitimate basis for the delay is alleged. Pa.R.A.P. 105(b).[4] In order

---

4. **Rule 105. Waiver and Modification of Rules**

\* \* \* \* \* \*

(b) Enlargement of Time. An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be

for the court to enlarge the time period, however, it must be presented with sufficient facts upon which to conclude that the delay was justified and should be overlooked. Here counsel failed to allege any facts whatsoever upon which such a determination could be made. The Court's dismissal of the appeal as untimely filed was therefore proper. *See* Pa.R.A.P. 1511.[5]

■ Finally, we must consider whether the Commonwealth Court properly deemed the instant appeal frivolous. The mere fact that counsel was appointed to represent a petitioner who had filed a pleading which on its face is untimely does not warrant the assumption that the late filing has been excused. Tardy filings go to the jurisdiction of the tribunal to entertain a cause, *Reading Anthracite Co. v. Rich*, 525 Pa. 118, 577 A.2d 881 (1990); *Commonwealth v. Bey*, 437 Pa. 134, 262 A.2d 144 (1970); *Commonwealth v. Yorktowne Paper Mills*, 419 Pa. 363, 214 A.2d 203 (1965); *Dipple v. Pittsburgh*, 373 Pa. 307, 95 A.2d 925 (1953), and thus cannot be lightly dismissed. The establishment of jurisdiction is of equal importance as the establishment of a meritorious claim for relief. *See Adler v. City of Philadelphia*, 397 Pa. 660, 156 A.2d 852 (1959); *Main Cleaners and Dyers, Inc. v. Columbia Super Cleaners, Inc.*, 332 Pa. 71, 2 A.2d 750 (1938). Jurisdiction is the predicate upon which a consideration of the merits must rest. *Pennsylvania Railroad Co. v. Pennsylvania Public Utility Commission*, 396 Pa. 34, 152 A.2d 422 (1959). *See also Hellertown Borough Referendum Case*, 354 Pa. 255,

done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

5. **Rule 1511. Manner of Obtaining Judicial Review of Governmental Determinations.**
   Review by filing a petition for review with the prothonotary of the appellate court within the time allowed by Rule 1512 (time for petitioning for review). Failure of a petitioner for review to take any step other than the timely filing of a petition for review does not affect the validity of the review proceeding, but is grounds only for such action as the appellate court deems appropriate, which may include dismissal of the review proceeding.

47 A.2d 273 (1946). Where the jurisdiction of the court has been lost because of the staleness of the complaint, the attractiveness of an argument on the merits is of no moment because the tribunal is without the power to grant the requested relief. *Pennsylvania Railroad Co., supra. See also Radakovich v. Weisman,* 241 Pa.Super. 35, 359 A.2d 426 (1976).

We have defined "frivolous," in this context, as an appeal which lacks any basis in law or fact. *Smith, supra,* 524 Pa. at 506–07, 574 A.2d at 562. To employ a strategem of focusing upon the merits of a claim and ignoring a clearly apparent jurisdictional defect is a frivolous strategy which rendered the appeal frivolous. In the instant matter, the court's primary concern before any consideration of the substantive merits could occur, was whether jurisdiction existed. Counsel's complete failure to address that concern, and his substitution of a presentation of the merits for the jurisdictional argument, rendered the appeal frivolous. *See Smith, supra.*

Accordingly, the order of the Commonwealth Court is affirmed.

LARSEN and CAPPY, JJ., dissent.