607 A.2d 738

Wilmer B. GAY

v.

James F. McFETRIDGE, George Petsock, John Whitehouse, Dewue Livingston, John Rakswazki, Kenneth J. Benson and Maurice B. Cohill, Jr. (Two Cases)

Appeal of James F. McFETRIDGE, George Petsock, John Whitehouse, Dewue Livingston, John Rakswazki and Kenneth J. Benson.

Appeal of Maurice B. COHILL, Jr.

Supreme Court of Pennsylvania.

Submitted Sept. 26, 1991.

Decided May 19, 1992.

Ernest D. Preate, Jr., Atty. Gen., Kate L. Mershimer, Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Janice L. Anderson, Deputy Atty. Gen., Harrisburg, for Appellants in No. 44.

Constance M. Bowden, Asst. U.S. Atty., Pittsburgh, for Chief Judge Cohill.

Wilmer B. Gay, pro se.

Ernest D. Preate, Jr., Atty. Gen., Kate L. Mershimer Deputy Atty. Gen., Harrisburg, for James F. McFetridge, George Petsock, John Whitehouse, Dewue Livingston, John Rakswazki, and Kenneth J. Benson.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM.

Appeal dismissed as having been improvidently granted.

CAPPY, J., did not participate in the consideration or decision of this case.

PAPADAKOS, J., files a dissenting opinion in which FLAHERTY, J., joins.

PAPADAKOS, Justice, dissenting.

I am at a total loss to understand the action of my colleagues in dismissing these appeals as improvidently granted when these very appeals alerted the Court to the necessity of amending Pa. Rule of Civil Procedure 240, In Forma Pauperis, to provide for the dismissal of complaints as frivolous under the circumstances related in these appeals. The dismissal of these appeals leaves in place the decision of the Superior Court which is at variance with the amended rule.

In order to reveal my complete frustration with the dismissal of these appeals, I must set out the facts, the decision of the Superior Court, and the Amended Rule as adopted by this Court to prevent the very result this court reached in these appeals.

These are the appeals of James F. McFetridge, John Whitehouse, George Petsock, Dewue Livingston, John Rakswazki, Kenneth Benson and the Honorable Maurice B. Cohill, Jr. (Appellants) from the unpublished Memorandum Opinion and Per Curiam Order of the Superior Court reversing the Order of the Court of Common Pleas of Allegheny County and remanding the matter to that court for proceedings to determine whether Wilmer B. Gay (Appellee) is entitled to proceed with the cause of action he wishes to

prosecute against Appellants *in forma pauperis*, without regards to whether the complaint is frivolous or not.

The facts are relatively uncomplicated and can be briefly stated as follows. Appellee filed a *pro se* complaint in law and equity and for declaratory relief against the Appellees on August 30, 1988, in the Office of the Prothonotary of the Court of Common Pleas of Allegheny County. On September 1, 1988, Appellee filed a petition to proceed with his action *in forma pauperis* and attached an affidavit in support of his petition in the form required by our Rule of Civil Procedure 240.

The petition and affidavit were then presented to the Honorable Ralph J. Cappy, (now Mr. Justice Cappy of this Court) Administrative Judge of the Civil Division of the Court of Common Pleas of Allegheny County, for disposition pursuant to Section (c)(3) of Rule 240. Following review of the petition, affidavit and complaint, the Administrative Judge issued an order denying Appellee's request to proceed *in forma pauperis* because Appellee admitted that the claims he sought to bring in state court had already been litigated twice before in federal court.

An appeal was filed from that order in the Superior Court which reversed, reasoning that our Rule 240 does not give discretion to a reviewing court to consider the underlying merits of a cause of action in determining that a party should be permitted to proceed with his case *in forma pauperis*. Moreover, that court determined that our plurality decision in *Boyle v. O'Bannon*, 500 Pa. 495, 458 A.2d 183 (1983), forbids a court to dismiss a complaint, *sua sponte*, without first serving the complaint on the defendant, even where the complaint is frivolous or non-meritorious on its face.

We accepted review in this matter to determine whether a trial court can deny *in forma pauperis* status under Rule 240 where the complaint is frivolous on its face.

The resolution of the problem posed by this appeal begins by noting that the law in this Commonwealth was settled in

*Boyle v. O'Bannon, supra,* that, when a litigant properly commences an action and *pays the required filing fee* he has activated the judicial machinery of the court system and is entitled to have his pleading served on the defendant, who can then utilize the mechanism provided in our Rules of Civil Procedure to have a complaint dismissed for any number of reasons, including the failure to plead a cause of action. Pa. Rule of Civil Procedure 1017(b)(4)[1]. The decision in *Boyle* is premised on the principal that one who satisfies the pre-requisites to invoking a court's jurisdiction, i.e., filing a complaint accompanied by the appropriate fee,[2] must be guaranteed access to the courts and be given the opportunity to present his claim regardless of its merits since the mechanisms provided in the rules are sufficient to bring frivolous claims to the attention of the court for disposition.

It does not follow, however, that the right guaranteed to a paying litigant in *Boyle* can be invoked by a non-paying litigant and, for that reason, *Boyle* is distinguishable. This is so because the paying litigant stands in a different position than does the non-paying user of the judicial system. As the United States Supreme Court remarked in

---

**1.** Pa. Rule of Civil Procedure 1017(b)(4) provides in pertinent part:
(b) Preliminary objections are available to any party and are limited to

.    .    .    .    .

(4) a demurrer ...

**2.** It is important to emphasize that filing fees are a prerequisite to the commencement of any action and pursuant to 42 Pa.C.S. § 1725 fees have been established for the commencement of actions throughout the judicial system. Section 1725(a)(1) provides in pertinent part:
(a) General Rule.—The governing authority shall fix by general rule the filing fees for the commencement of any matter before any court.... In fixing fees the governing authority shall be guided by the following considerations:
(1) The unified judicial system is established for the good order of society and the correction of injustice, and no person should have right and justice denied or delayed by reason of poverty.
Fees established under this authority are codified at 42 Pa.C.S. § 21001 et seq., and provided at the time Appellee attempted to begin his action that his complaint be accompanied by a fee of $35.00. 42 Pa.C.S. § 21042.

*Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), ". . . a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Congress has responded to this problem by giving the courts the authority to dismiss a claim filed *in forma pauperis* if it is satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(d).

While there is no comparable statute or court rule in Pennsylvania, it must be recognized that the same abuse and misuse of judicial resources is present and at work in our state system. Any court system, including ours, is busy enough that it cannot afford the added burden of litigating baseless, frivolous or repetitive claims and then require public funds to be used to pick up the costs involved in litigating these matters. The unnecessary waste generated by the non-paying user of the system provides a rational basis for treating paying litigants differently than those who cannot pay court imposed fees and in permitting a court to weed out frivolous claims as soon as they are brought to the court's attention. Our rules require that a complaint be prepared and filed before an affidavit to proceed in forma pauperis can be approved and it is entirely consistent with the spirit of the rule that a court review the complaint at the same time it reviews the sufficiency of the affidavit required under Rule 240(c)(3).

It is argued, however, that the rules of procedure which govern the *in forma pauperis* practice do not specifically authorize a court to consider any factors other than the financial situation of the affiant and that, therefore, it was improper for the trial court to consider the frivolous or repetitive nature of the underlying claim when reviewing Appellee's affidavit under Rule 240.

It is true that a literal reading of the rule seems to limit the focus of inquiry to the financial ability of the affiant to pay the required court fees and costs and if a court were required to interpret the rule strictly, then I would agree

that the trial court should have enforced the rule in such a way that it would only look at Appellee's financial circumstances. The strict construction of rules, however, is not the practice in this Commonwealth and herein lies the flaw in Appellee's argument.

Pa. Rule of Civil Procedure 126 specifically provides that "the rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." In addition to this rule of liberal construction is the rule of interpretation that in ascertaining our intention in promulgating rules, courts are to be guided by the presumption that the Court intends to "favor the public interest as against any private interest." Pa. Rule of Civil Procedure 128(e).

Both of these rules of construction affirm the conclusion that it is our policy in promulgating rules to favor the public interest in such a way that actions are determined as inexpensively as possible to the litigant and the public as soon as they are brought to the attention of the court. In my view, the trial court was duty bound to interpret Rule 240 in light of these considerations and I can find no error or abuse of discretion in the trial court's summary dismissal of the affidavit and petition where the underlying complaint had been litigated twice before in federal court. Appellee himself admits that the issues he wishes to raise in this proceeding have already been litigated and, unless the doctrine of *res judicata* is to be abandoned, there is no reason why a matter of this nature should be permitted to proceed at public expense. On its face, the complaint has no basis in law or fact and is frivolous. *Robinson v. Com., Pa. Board of Probation and Parole*, 525 Pa. 505, 582 A.2d 857 (1990). See also Pa. Rule of Appellate Procedure 2744 which defines the term "frivolous" as used in the Appellate Rules of Procedure as an "appeal which lacks any basis in law or fact."

These views in no way change our commitment to the time-honored tradition of permitting an indigent litigant equal access to our courts with the paying user of the

system. 42 Pa.C.S. § 1725(a)(1). What this writer insists on, however, is that this policy be applied giving due consideration to the equally important interest of the public in not having public funds wasted on the disposition of frivolous and repetitive claims. The paying user of the system may misuse it, but he does not ask the public to subsidize his misuse.

Right and justice are neither delayed nor denied by the refusal to finance publicly Appellee's third attempt to bring an already litigated claim in our courts. He has had his day in court and cannot expect the public to subsidize his misuse of the system forever. Accordingly, I see no error in the actions taken by the trial court in this matter and actually I am at a loss to explain the Court's actions today in light of the recent adoption of an amendment to Pa. Rule of Civil Procedure 240 which authorizes the trial court to do exactly what the trial court did in this case.[3] Consistency demands that we apply the provisions of the amendment to Rule 240 to this matter in as much as all the reasons advanced by Appellants moved us to amend the rule or at least to direct on remand that the trial court apply the amended rule and dismiss the action as frivolous.

The court now returns this case to the trial court to dismiss the complaint again, as frivolous, as provided by the amended rule. I view this as a waste of judicial effort and an added, unnecessary, expense to the judicial budget. I would simply reverse the Superior Court and affirm the

3. Rule 240, In Forma Pauperis, was amended, effective January 1, 1992, as follows:

Rule 240. In Forma Pauperis

. . . . .

(i) (sic) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

NOTE: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1990).

trial court which operated most appropriately under the circumstances of this case.

FLAHERTY, J., joins this Dissenting Opinion.