IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allegheny County Department of     :
Public Works,     :
          Petitioner     :
     :
          v.     :
     :
Commonwealth of Pennsylvania,     :   No. 473 F.R. 2015
          Respondent     :   Submitted: December 9, 2020

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON       FILED: January 22, 2021

        This matter comes before this Court on exceptions filed by the Allegheny County Department of Public Works (Public Works) to this Court's opinion and order in *Allegheny County Department of Public Works v.*

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

*Commonwealth*, 222 A.3d 450, 454 (Pa. Cmwlth. 2019),[2] vacating the order of the Board of Finance and Revenue (Board) dated July 16, 2015. The Board denied Public Works' petitions for refunds for taxes paid pursuant to the Liquid Fuels and Fuels Tax Act (Act), 75 Pa.C.S. §§ 9001-9022, for the years 2008 through 2013, for failure to provide proof of tax payment. The Board also dismissed Public Works' petitions for failure to timely file its requests.

The parties stipulated to the following facts.[3] In January 2015, Public Works filed petitions with the Board requesting refunds for liquid fuels taxes paid for the years 2008 through 2013. Joint Stipulation of Facts (Stipulation) ¶¶ 3-8; Reproduced Record (R.R.) 1a-7a. Public Works asserted it was entitled to the refunds in accordance with Section 9004(e)(4) of the Act, 75 Pa.C.S. § 9004(e)(4), because Allegheny County is a political subdivision of the Commonwealth.[4] R.R. 11a, 18a, 22a, 26a, 30a, & 34a. On or about May 13, 2015, the Board held a hearing regarding Public Works' refund petitions for taxes paid from 2008 through 2013. Stipulation ¶¶ 11-12. By decision dated July 16, 2015 and mailed July 22, 2015, the Board denied Public Works' petitions for liquid fuels tax refunds, explaining that Public Works "failed to provide proof of tax payment for the periods in question."

---

[2] On October 29, 2019, the Commonwealth filed an application to redesignate this Court's unreported memorandum opinion as a reported opinion, which this Court granted by order dated December 5, 2019. *See* Cmwlth. Ct. Order, 12/5/19.

[3] Pursuant to Pennsylvania Rule of Appellate Procedure 1571(f), "[n]o record shall be certified to the court by the Board[.]" Pa.R.A.P. 1571(f). "After the filing of the petition for review, the parties shall take appropriate steps to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried." *Id.* A stipulation of facts is binding and conclusive upon this Court though we may draw our own legal conclusions from those facts. *Norris v. Commonwealth*, 625 A.2d 179, 182 (Pa. Cmwlth. 1993).

[4] Section 9004(e)(4) of the Act provides that "[t]he tax imposed under subsections (b), (c) and (d) [of Section 9004] shall not apply to liquid fuels, fuels or alternative fuels . . . [d]elivered to . . . a political subdivision . . . on presentation of evidence satisfactory to the [D]epartment." 75 Pa.C.S. § 9004(e)(4). The parties did not dispute that Public Works is a political subdivision.

2

*Id.* ¶ 20, Ex. H, p. 2, R.R. 127a.  On July 30, 2015, Public Works submitted a request for reconsideration, which the Board denied.  Stipulation ¶¶ 21-22.  Public Works thereafter petitioned this Court for review.

On appeal, Public Works argued, *inter alia*, that the Board erred when it dismissed its requests for refunds[5] because it provided "sufficient data to specify the amount of tax paid."  Petition for Review ¶ 5(b), R.R. 130a; Public Works' Brief at 9-11.  The Commonwealth countered that Public Works' requests for refunds should be rejected as untimely, as they were filed outside the requisite time period.  Commonwealth's Brief at 10 & 13-14.  The Commonwealth further asserted that even if Public Works had filed timely requests, it failed to meet its burden of establishing that "it actually paid the tax in question to the Commonwealth."  *Id.* at 14.

Following argument, a three-judge panel of this Court issued a memorandum opinion[6] and order on October 24, 2019[7] vacating the Board's order dated July 16, 2015 and dismissing Public Works' petitions as untimely.  Our consideration of the threshold question of the timeliness of Public Works' petitions and, thus, the jurisdiction of the Board and this Court to consider those petitions, turned on the following provisions. Section 9017(a) of the Act permits the Department of Revenue (Department) to refund taxes, penalties, interest, fines,

---

[5] Though Public Works asserted in its petition that the Board erred with respect to its decision relating to the petitions seeking refunds for the years 2008 through 2013, Petition ¶ 5(b), R.R. 131a, Public Works represented in its appellate brief that the 2008 and 2009 petitions were not at issue before this Court "[p]ursuant to a discussion between the parties."  Public Works' Brief at 6 n.1.  Public Works sought a refund in the amount of $120,015.25 for taxes paid for the years 2010 through 2013.  *Id.* at 11.

[6] *See supra* note 2.

[7] *See supra* note 1.

3

additions and other money collected pursuant to chapter 90 of the Act in accordance with the Tax Reform Code of 1971 (Tax Reform Code),[8] *except* as provided in subsection (a.1). 75 Pa.C.S. § 9017(a). Subsection (a.1), in turn, provides:

> *[T]he board may refund on an annual basis any tax imposed by this chapter and collected by the [D]epartment upon liquid fuels or fuels delivered to any entity exempt from tax under [S]ection 9004(e)* (relating to imposition of tax, exemptions and deductions) which has not been claimed as exempt by the distributor or otherwise refunded. The board may adopt regulations relating to the proceedings for the administration of its duties under this subsection.

75 Pa.C.S. § 9017(a.1) (emphasis added). The annual filing requirement is elaborated upon in Section 303.12 of the Department's regulations:

> *Claims for refunds by political subdivisions shall be made annually, ending December 31, and shall be submitted to the Board not later than March 31, of the succeeding year*: and the Board will refuse to consider a claim received or postmarked after that date.

61 Pa. Code § 303.12 (emphasis added). We agreed with the Commonwealth that the Act and the regulation, read together, required Public Works to file the contested petitions for liquid fuels tax refunds with the Board annually by March 31st of the

---

[8] *See* Section 3003.1 of the Act of March 4, 1971, P.L. 6, No. 2, *as amended*, added by Section 14 of the Act of July 1, 1985, P.L. 78, No. 29, 72 P.S. § 10003.1. Section 3003.1 of the Tax Reform Code addresses petitions for refunds and provides that a taxpayer that has actually paid tax to the Commonwealth, or its agent or licensee, may petition the Department for a refund or credit of the tax paid. 72 P.S. § 10003.1(a). Section 3003.1 further provides that "*[e]xcept as otherwise provided by statute*, a petition for refund must be made to the [D]epartment within three years of actual payment of the tax . . . ." *Id.* (emphasis added). Section 9017(a.1) of the Act establishes a separate process to obtain liquid fuels tax refunds.

succeeding year. *See Allegheny Cnty. Dep't of Pub. Works*, 222 A.3d at 453; Commonwealth's Brief at 11. Thus, we held that Public Works failed to timely file its January 13, 2015 request for a liquid fuels tax refund spanning the period of January 1, 2013 through December 31, 2013 by the deadline of March 31, 2014. *See Allegheny Cnty. Dep't of Pub. Works*, 222 A.3d at 454. Likewise, we found that Public Works' January 28, 2015 petitions seeking refunds for taxes paid from January 1 through December 31 for the years 2008, 2009, 2010, 2011 and 2012 were untimely, as they were to be filed with the Board by March 31 of the succeeding year, that is, by March 31, 2009, 2010, 2011, 2012 and 2013, respectively. *See id.* We therefore determined that the Board should have refused to consider the petitions for lack of jurisdiction. *Id.*

On November 22, 2019, Public Works filed exceptions to this Court's October 24, 2019 order pursuant to Pennsylvania Rule of Appellate Procedure 1571(i), seeking reconsideration of the Court's conclusion that Public Works failed to timely file its requests for liquid tax fuels refunds for years 2010 to 2013.[9] Public Works' Exceptions at 1, ¶ 1.[10] Before this Court,[11] Public Works argues that it "has

---

[9] Public Works noted that "[p]ursuant to a discussion between the parties, the 2008 and 2009 claims are not before this Court." Public Works' Brief on Exceptions at 5 n.1.

[10] "Any party may file exceptions to an initial determination by the [C]ourt under this rule within 30 days after the entry of the order to which exception is taken." Pa.R.A.P. 1571(i). "[T]imely exceptions shall have the effect, for the purposes of Pa.R.A.P. 1701(b)(3) (authority of a trial court or other government unit after appeal), of an order expressly granting reconsideration of the determination previously entered by the [C]ourt." *Id.* On November 3, 2020, this Court, *per curiam*, ordered submission of the exceptions filed by Public Works "on the briefs to the Court sitting *en banc*, without oral argument, on the next available list." Cmwlth. Ct. Order, 11/3/20.

[11] This Court reviews *de novo* the determinations of the Board. *Kelleher v. Commonwealth*, 704 A.2d 729, 731 (Pa. Cmwlth. 1997). Although cases from the Board are addressed to our appellate jurisdiction, we function as a trial court. *Cooper v. Commonwealth*, 700 A.2d 553, 554, n.1 (Pa. Cmwlth. 1997). Further, the question of whether an appellate court possesses jurisdiction

5

established its entitlement to a refund of liquid fuel[s] taxes paid for the year[s] 2010-2013."[12] Public Works' Brief on Exceptions at 13. Public Works argues that it is entitled to the liquid fuels tax exemption set forth in Section 9004(e) of the Act, because it is a political subdivision. *Id.* at 8 (citing 75 Pa.C.S. § 9004(e)). Public Works notes that "the [S]tipulation . . . states that a liquid fuels tax refund was made for the year 2014 . . . ." *Id.* Public Works reiterates its previous assertion that it is entitled to the liquid fuels tax refund, because it provided sufficient data in the form of letters from WEX Inc., Allegheny County's fuel card system vendor, establishing that it paid the tax for which a refund is sought. *Id.* at 9-10.

Further, Public Works contends that the Board waived the time limitation on filing for liquid fuels tax refunds. *Id.* at 10.[13] Noting that "[t]he Board, at any stage of a proceeding, may waive a requirement of this part, including a deadline, when necessary or appropriate, if the waiver does not adversely affect a substantive right of either party" pursuant to Section 702.2(b) of the Board's regulations, Public Works asserts that the Board "[c]learly" invoked this provision

---

over an appeal "raises a question of law; accordingly, our standard of review is *de novo*, and our scope of review is plenary." *Pa. Mfrs.' Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396, 398 (Pa. 2018).

[12] Public Works initially sought liquid fuels tax refunds for years 2008 through 2013. *See Allegheny Cnty. Dep't of Pub. Works*, 222 A.3d at 451.

[13] Public Works concedes that the "2010-2013 refund requests were filed beyond the stated time limit[.]" Public Works' Brief at 10.

"in its consideration of this matter on its merits, choosing not to dismiss the County's refund request on procedural grounds." *Id.* at 10-11 (quoting 61 Pa. Code § 702.2(b)).[14]

Alternatively, Public Works maintains that this Court should permit the filing of its untimely liquid fuels tax refund petitions *nunc pro tunc*. Noting that courts may grant *nunc pro tunc* relief where there has been a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal," Public Works "asserts that its conduct in late filing was non-negligent in that [it] was dependent on the quantity, quality and timeliness of information furnished to it by its former fuel card administrator, WEX." *Id.* at 11-12 (quoting *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979)). In line with this assertion, Public Works concedes that it filed its liquid fuels tax refund request for the year 2013 roughly nine months beyond the March 31 deadline, and it filed the requests for years 2010, 2011 and 2012 "more distant in time." *Id.* at 12. However, Public Works maintains that granting *nunc pro tunc* relief would not prejudice the Board, as it "had considered the matter on its merits originally." *Id.* at 12. Thus, Public Works asks this Court to find that it is entitled to refunds for liquid fuels taxes paid for years 2010 to 2013. *Id.* at 13.

The Commonwealth counters that Section 702.2(b) of the Board's regulations does not permit the Board to waive the time limitation on liquid fuels tax refund petitions, because its discretion to do so only extends to deadlines within "this

---

[14] Public Works further states that "*the Board* now requests this Court to invoke strict time limits that would require dismissal of this action," apparently conflating the Board with the Commonwealth. Public Works' Brief at 10 (emphasis added). As noted by the Commonwealth, a petition for review of a determination of the Board "shall name the 'Commonwealth of Pennsylvania' as respondent . . . ." *See* Pa.R.A.P. 1571(c); *see also* Commonwealth's Brief at 12 n.6.

part," which does not include the aforementioned liquid fuels tax refund deadline.[15] Commonwealth's Brief on Exceptions at 12-13 (quoting 61 Pa. Code § 702.2(b)). Thus, the Commonwealth asserts that the Board lacked jurisdiction to consider Public Works' claims on the merits, noting that "this Court has repeatedly and consistently dismissed appeals where the underlying petition was not timely filed[.]" *Id.* at 14 (citing *Burger v. Sch. Bd. of McGuffey Sch. Dist.*, 923 A.2d 1155, 1161 (Pa. 2007); *Robinson v. Pa. Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990)). The Commonwealth notes that "[t]his Court has applied this rule even where the [Board] decided an untimely petition on the merits." *Id.* at 15 (citing *Scholastic Servs. Org., Inc. v. Commonwealth*, 721 A.2d 74, 76 (Pa. Cmwlth. 1998)).

"A refund of voluntarily paid tax is a matter of legislative grace." *Quest Diagnostics Venture, LLC v. Commonwealth*, 119 A.3d 406, 410 (Pa. Cmwlth. 2015), *aff'd*, 148 A.3d 448 (Pa. 2016) (citing *Phila. Gas Works v. Commonwealth*, 741 A.2d 841, 846 (Pa. Cmwlth. 1999), *aff'd*, 757 A.2d 360 (Pa. 2000)). "[C]ompliance with the time limitation set forth in a tax statute is an absolute condition to obtaining a refund or a credit of the paid taxes, and the time limitation in the tax statute should be strictly enforced to prevent any uncertainty in the budgetary planning and fiscal affairs of the Commonwealth." *Phila. Gas Works*, 741 A.2d at 846 (affirming the Board's denial of a taxpayer's petition for a refund of sales taxes prepaid to the Commonwealth for failure to file within the applicable statutory time period). The petitioner bears the burden of establishing the timeliness of a petition for a tax refund. *See Commonwealth v. Phila. Gas Works*, 358 A.2d 750, 752 (Pa. Cmwlth. 1976), *aff'd in part, rev'd in part on other grounds*, 398 A.2d 942 (Pa. 1979) (taxpayer has the burden of proving entitlement to a fuels tax refund).

---

[15] The Commonwealth notes that Public Works submitted a timely liquid fuels tax refund claim for 2014. Commonwealth's Brief at 19.

"Tardy filings go to the jurisdiction of the tribunal to entertain a cause[.]" *Robinson*, 582 A.2d at 860; *see also Quest Diagnostics Venture, LLC*, 119 A.3d at 409 (affirming the Board's determination that the Department's Board of Appeals correctly dismissed the untimely petition for refund for lack of jurisdiction). "A jurisdictional challenge is typically a threshold question, with review of the substantive issues following a jurisdictional question only if the court is found to possess jurisdiction." *Burger*, 923 A.2d at 1161; *Robinson*, 582 A.2d at 860 (holding that "[j]urisdiction is the predicate upon which a consideration of the merits must rest," such that, absent jurisdiction, a "tribunal is without power to grant the requested relief"). "Without jurisdiction the [C]ourt cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the [C]ourt is that of announcing the fact and dismissing the cause." *MCI WorldCom, Inc. v. Pa. Pub. Util. Comm'n*, A.2d 1239, 1249 (Pa. 2004) (holding that the "threshold issue" of whether the Pennsylvania Supreme Court possessed jurisdiction over a challenge to the propriety of rates set by the Pennsylvania Public Utility Commission pertaining to access to Verizon Pennsylvania Inc.'s network for local telephone service must be addressed prior to reaching "substantive issues").

In accordance with well-established precedent, the initial issue *sub judice* is whether the Board and, consequently, this Court, have jurisdiction to consider Public Works' untimely petitions. Public Works concedes that it filed the disputed petitions for liquid fuels tax refunds "beyond the stated time limit." *See* Public Works' Brief at 10. Nevertheless, Public Works maintains that it is entitled to the requested refunds, because the Board "waived" the statutory time limitation for the disputed liquid fuels tax refund petitions pursuant to Section 702.2(b) of its

9

regulations, 61 Pa. Code § 702.2(b), by electing to consider the matter on the merits, rather than dismissing the refund requests as untimely. This argument is unavailing. As noted by the Commonwealth, Section 702.2(b) of the Board's regulations states that the Board "may waive a requirement *of this part*," thereby referring back to Part IV (Board of Finance and Revenue) of Title 61, which does not pertain to the time limitation for filing liquid fuels tax refund petitions. *See* 61 Pa. Code § 702.2(b). Although Part I (Department of Revenue) of Title 61 includes provisions relating to liquid fuels tax refunds for political subdivisions, the reference in Section 702.2(b) to waiving a requirement of this "part" evidently refers to Part IV. Moreover, that the Board elected to consider Public Works' untimely petitions on the merits in the absence of jurisdiction thereof does not cure our inability to entertain Public Works' appeal. *See Scholastic Servs. Org., Inc.*, 721 A.2d at 76 (holding that this Court could not entertain a taxpayer's appeal from a decision of the Board sustaining a sales tax assessment, where the taxpayer had filed his petition for review from the Board of Appeals' determination with the Board one day following expiration of the statutory appeal period, such that the Board erred in considering an appeal over which it lacked jurisdiction).[16] We therefore conclude that the Board and, consequently, this Court, lack jurisdiction to consider Public Works' untimely petitions for liquid fuels tax refunds. *See Burger*, 923 A.2d at 1161; *Robinson*, 582 A.2d at 860; *Quest Diagnostics Venture, LLC*, 119 A.3d at 410; *Phila. Gas Works*, 741 A.2d at 846. As Public Works has failed to present any argument that would warrant sustaining its exceptions, we decline to disturb this Court's October 24, 2019

---

[16] Public Works waived its argument that it is entitled to *nunc pro tunc* relief for failure to raise this assertion in its exceptions. *See* Pa.R.A.P. 1571(i) (providing that "[i]ssues not raised on exceptions are waived and cannot be raised on appeal"); *McConnell v. Dep't of Revenue*, 469 A.2d 574, 576-77 (Pa. 1983) (noting that "a party must file exceptions to an initial determination of . . . [this] Court in order to preserve issues for appeal").

10

panel decision. *See Greenwood Gaming & Ent., Inc. v. Commonwealth*, 218 A.3d 982, 987-88 (Pa. Cmwlth. 2019) (denying a taxpayer's exceptions to a memorandum opinion and order of this Court affirming the Board's denial of the taxpayer's untimely petition for a refund of slot machine taxes).

      Accordingly, for the foregoing reasons, Public Works' exceptions are denied. [17]

<br>

_____
CHRISTINE FIZZANO CANNON, Judge

<br>

Judge Wojcik did not participate in this decision.

---

[17] We do not address the Commonwealth's remaining arguments—that Public Works failed to establish how much tax it paid or that it is entitled to *nunc pro tunc* relief—as our focus is only the threshold jurisdictional question of timeliness. *See* Commonwealths' Brief at 16-22. Further, as noted above, Public Works waived its argument that it is entitled to *nunc pro tunc* relief by failing to raise this assertion in its exceptions. *See supra* note 16.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Allegheny County Department of Public Works, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | No. 473 F.R. 2015 |
| Respondent | : | |

O R D E R

AND NOW, this 22nd day of January, 2021, the exceptions filed by the Allegheny County Department of Public Works (Public Works) to this Court's Opinion and Order in *Allegheny County Department of Public Works v. Commonwealth*, 222 A.3d 450 (Pa. Cmwlth. 2019) are DENIED. Judgment is entered against Public Works and in favor of the Commonwealth of Pennsylvania.

_____
CHRISTINE FIZZANO CANNON, Judge