J-S34021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MITCHELL CRAIG LITZ | : | |
| | : | |
| Appellant | : | No. 393 WDA 2022 |

Appeal from the PCRA Order Entered March 3, 2022
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0001495-2015

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED: NOVEMBER 14, 2022**

Mitchell Craig Litz (Appellant) appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On January 6, 2016, Appellant pled guilty to aggravated assault by vehicle while driving under the influence (Count One), accidents involving death or personal injury (Count Three), driving under the influence – highest rate of alcohol (Count Six), and driving while operating privilege suspended or revoked. On March 1, 2016, the trial court sentenced Appellant to an

_____

[*] Retired Senior Judge assigned to the Superior Court.

aggregate 102 – 204 months of incarceration.[1]  This Court affirmed. *Commonwealth v. Litz*, 169 A.3d 1180 (Pa. Super. 2017) (unpublished memorandum).  Appellant did not seek allowance of appeal.

Appellant filed his first PCRA petition on June 6, 2017.  The PCRA court denied relief and Appellant appealed.  This Court quashed the appeal based on Appellant's substantially defective, *pro se* brief.  *Commonwealth v. Litz*, 193 A.3d 1115 (Pa. Super. 2018) (unpublished memorandum) (PCRA court appointed counsel, but after conducting a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court granted Appellant's request to proceed *pro se*).  The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, *nunc pro tunc*. *Commonwealth v. Litz*, 146 WM 2018, 2018 Pa. LEXIS 5720 (Pa. 2018).[2]

On February 7, 2022, Appellant filed the instant *pro se* PCRA petition, his second, titled as a "Motion to Correct Illegal Sentence."[3]  Appellant claimed his sentence at Count Three was illegal because it should have merged with his sentence at Count One.  Three days later, the PCRA court issued

---

[1] The trial court sentenced Appellant to 60 - 120 months at Count One, and a consecutive 42 - 84 months at Count Three; there was no further sentence at Count Six because it merged with Count One.

[2] Appellant also sought relief in federal court.  *See*, *e.g.*, *Litz v. Erie Cty. DA*, 2020 U.S. Dist. LEXIS 85378 (W.D. Pa. 2020).

[3] "[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) (citation omitted).

Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. The PCRA court opined that it lacked jurisdiction because the petition was untimely, and Appellant failed to invoke an exception to the PCRA's timeliness requirement. On March 2, 2022, Appellant filed a *pro se* response to the Rule 907 notice. The PCRA court dismissed the petition the next day. Appellant timely filed this appeal.

On April 5, 2022, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal (Rule 1925(b) Order).[4] On May 4, 2022, the PCRA court filed an opinion adopting the reasoning stated in its Rule 907 notice, and observing that Appellant had not filed a Rule 1925(b) concise statement.

On May 31, 2022, Appellant filed in this Court a *pro se* "Motion to Proceed, *Nunc Pro Tunc*." Appellant sought permission to file a Rule 1925(b) statement, *nunc pro tunc*, claiming he never received a copy of the Rule 1925(b) Order; Appellant also attached a Rule 1925(b) statement to his Motion. On June 10, 2022, this Court remanded for the PCRA court to determine whether Appellant received a copy of the Rule 1925(b) Order. The PCRA did not respond.[5]

---

[4] On April 20, 2022, Appellant filed a *pro se* "Motion to Correct Illegal Sentence." The PCRA court denied the motion the next day.

[5] We conclude there was a breakdown in the court process. Accordingly, we will not penalize Appellant for his failure to comply with the Rule 1925(b)

On appeal, Appellant presents the following questions:

1) Was the sentence illegal as per merger law in 42 Pa.C.S. § 9765?

2) Did the [PCRA] court err since all [of Appellant's] crimes … arose from a single criminal act?

Appellant's Brief at 4 (unnumbered).

We first address jurisdiction. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (the merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction; jurisdiction does not exist if the PCRA petition is untimely); **see also Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) ("If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.") (citation omitted). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1).

Appellant's judgment of sentence became final in May 2017; thus, his PCRA petition filed on February 7, 2022, is untimely. Pennsylvania courts may consider an untimely PCRA petition if the petitioner pleads and proves a statutory exception set forth in 42 Pa.C.S.A. § 9545(b)(1). "**[I]t is the petitioner's burden to plead in the petition** and prove that one of the

_____

order. **See Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa. Super. 2015) (an appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court."); **Commonwealth v. Davis**, 867 A.2d 585, 588 (Pa. Super. 2005) (*en banc*).

- 4 -

exceptions applies. That burden necessarily entails an **acknowledgement by the petitioner that the PCRA petition under review is untimely** but that one or more of the exceptions apply." ***Commonwealth v. Crews***, 863 A.2d 498, 501 (Pa. 2004) (emphasis in original; citations omitted). Appellant has not met his burden. Appellant has not acknowledged that his PCRA petition is untimely, nor has he invoked a timeliness exception. ***See id.*** Thus, the PCRA court properly dismissed Appellant's petition. ***Albrecht***, ***supra***.

In his reply brief, Appellant argues the PCRA court had jurisdiction because his claim involves the legality of his sentence, and an illegal sentence claim cannot be waived. Appellant's Reply Brief at 1 (citing ***Commonwealth v. Passarelli***, 789 A.2d 708, 714 (Pa. Super. 2001) ("Inquiry into the legality of a sentence is a non-waivable matter.") (overruled by ***Commonwealth v. Spruill***, 80 A.3d 453, 463 n.13 (Pa. 2013)). We disagree.

Although "challenges to the legality of a sentence cannot be waived … **a trial court must first have jurisdiction to address the illegality** …." ***Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) (emphasis added) (citing ***Robinson v. Pa. Board of Probation and Parole***, 582 A.2d 857, 860 (Pa. 1990) ("Jurisdiction is the predicate upon which a consideration of the merits must rest."); ***see also Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2022