Toy N. Powell,                          :
                    Petitioner         :
                                       :
          v.                           :
                                       :
Pennsylvania Parole Board,             :    No. 874 C.D. 2022
                    Respondent         :    Submitted:  May 5, 2023


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED:  June 30, 2023


          Toy N. Powell (Powell) petitions for review from the June 22, 2022 order of the Pennsylvania Parole Board (Board), which denied his challenge to the Board's recalculation of his parole violation maximum sentence date (Board Order). Powell is represented by David Crowley, Esquire (Counsel), of the Centre County Public Defender's Office, who asserts that the appeal is without merit and seeks permission to withdraw as counsel.  For the following reasons, we grant Counsel's Application to Withdraw Appearance (Application to Withdraw) and affirm the Board Order.

## I. Background

          On March 30, 2015, after a county probation revocation, Powell received a sentence of 6 months and 22 days to 2 years of incarceration, with a

minimum incarceration date of September 3, 2015, and a maximum date of February 12, 2017. *See* Certified Record (C.R.) at 1. Powell was thereafter paroled on November 30, 2015, but was declared delinquent effective December 16, 2016, after committing the offense of Accidents Involving Death or Personal Injury (New Charge) on December 11, 2016. *See* C.R. at 11; *see also* Docket No. CP-06-CR-0002324-2021 (New Docket) at 2. Powell remained delinquent until his arrest in California on May 7, 2021. *See* C.R. at 14.

Powell's bail was set on the New Charge on June 4, 2021, but Powell did not post bail and remained detained. *See* New Docket at 2. On June 30, 2021, Powell was recommitted as a technical parole violator pending the disposition of the New Charge. *See* C.R. at 14. The Notice of Board Decision Powell received at the time of his recommitment informed him that his parole violation maximum date of July 4, 2021, was subject to change if he was convicted on the pending New Charge. *See* C.R. at 16.

On September 30, 2021, Powell pleaded guilty to the New Charge and received a sentence of 3 to 6 years of incarceration with credit for 147 days of time served. *See* New Docket at 2, 4. As a result, on February 25, 2022, the Board recommitted Powell as a convicted parole violator, ordered Powell to serve six months' backtime, and extended his parole violation maximum sentence date to November 29, 2022. *See* C.R. at 20. The Board recalculated Powell's maximum date to November 29, 2022, by subtracting the 28 days he was detained solely on the Board's warrant following his May 7, 2021 arrest from the 440 days that remained unserved and outstanding on his original sentence at the time of his parole on November 30, 2015. *See* C.R. at 18. On March 3, 2022, the Board mailed the Notice of Board Decision (March 2022 Board Decision), which explained Powell's

maximum sentence calculation and informed Powell of the 30-day time limitation during which he would need to avail himself of the Board's administrative remedies process to challenge the Board's decision. *See* C.R. at 21.[1] Powell did not avail himself of the administrative remedies process regarding the March 2022 Board Decision.

On May 12, 2022, the Board denied Powell's request to be reparoled, directing instead that Powell serve his unexpired maximum sentence through November 29, 2022. *See* C.R. at 25. By letter dated June 5, 2022 (June 2022 Letter),[2] Powell asserted that he had completed his backtime sentence as of July 4, 2021, and that he had been denied credit (1) for time spent in an inpatient rehabilitation program in 2016 and (2) for a program he completed while imprisoned in Berks County in 2018. *See* C.R. at 27. The Board treated the June 2022 Letter as

---

[1] Specifically, the Notice of Board Decision provided:

> This decision involves an issue that is subject to the Board's administrative remedies process. *See* 37 Pa. Code § 73. Failure to administratively appeal the decision may affect your legal rights. If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty (30) days of the mailing date of this decision. This request shall set forth specifically the factual and legal bases for the allegations. You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court. You may be entitled to counsel from the Public Defender's Office at no cost. Administrative remedies form[s] and the names and addresses of all Chief Public Defenders in the Commonwealth are available upon request from the SCI parole office. Any request for a public defender should be sent directly to the Public Defender's Office in the county where you currently reside.

C.R. at 21.

[2] The postage stamp on the June 2022 Letter indicates that it was mailed on June 9, 2022. *See* C.R. at 29. The Board's timestamp indicates that the Board received Powell's letter on June 14, 2022. *See* C.R. at 27.

3

a petition for administrative review of the March 2022 Board Decision, which petition the Board denied as untimely by letter dated and mailed June 22, 2022 (June 2022 Board Decision). *See* C.R. at 30.

Powell timely appealed the June 2022 Board Decision to this Court on July 12, 2022,[3] and we appointed the Public Defender of Centre County to represent Powell herein. *See* Notice to the Commonwealth Court of Pennsylvania filed July 12, 2022; *see also* Commonwealth Court Order dated September 20, 2022. On October 11, 2022, Counsel filed an Amended Petition for Review (Amended Petition) on Powell's behalf that alleged that the Board failed to properly adjust Powell's original maximum sentence date with all the time credits to which he was entitled. *See* Amended Petition at 3. On December 2, 2022, Counsel filed a *Turner*/*Finley* letter[4] (*Turner*/*Finley* Letter) and the Application to Withdraw with this Court. The Court then filed an order informing Powell that he could either obtain substitute counsel at his own expense to file a brief on his behalf or he could file a *pro se* brief on his own behalf within 30 days of the service of the order. *See*

---

[3] Powell originally filed a handwritten document dated July 10, 2022, and entitled "Notice to the Commonwealth Court of Pennsylvania" with this Court on July 12, 2022. *See* Notice to the Commonwealth Court of Pennsylvania filed July 12, 2022. After receiving this Court's notice regarding proper *pro se* appeals, Powell filed an ancillary petition for review and an application for leave to proceed *in forma pauperis* on August 12, 2022. *See* Petition for Review (Appellate Jurisdiction) filed August 12, 2022. We ascribe the original timely filing date to Powell's ancillary petition for timeliness purposes.

[4] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel files such a letter when seeking to withdraw from representation of a parole violator because the violator's case lacks merit, although it may not be "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)) (internal quotation marks omitted). Such letters go by many names in the Commonwealth, including "no-merit letter," "*Finley* letter," "*Turner* letter," and "*Turner*/*Finley* letter." *See Anderson*, 237 A.3d 1204 n.2.

4

Commonwealth Court Order dated December 8, 2022. Powell neither secured private counsel nor submitted a brief on his own behalf. On May 4, 2023, the Court entered an order directing that Counsel's Application to Withdraw and the merits of Powell's appeal of the June 2022 Board Decision be submitted on briefs. *See* Commonwealth Court Order dated May 4, 2023.

## II. Issues

Counsel has identified two issues for this Court's review:[5] first, whether Powell's claims were waived for failure to exhaust administrative remedies of the Notice of Board Decision mailed March 3, 2022, and second, whether the Board correctly calculated Powell's maximum sentence date. *See Turner/Finley* Letter at 4-8.

## III. Application to Withdraw

Before addressing the validity of Powell's substantive arguments, we must assess the adequacy of the *Turner/Finley* Letter. As this Court has explained:

> A *Turner*[*/Finley*] letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. As long as a *Turner*[*/Finley*] letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. However, if the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client.

---

[5] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (internal citations, quotation marks, and original brackets omitted).

Here, Counsel has satisfied the requirements for a *Turner*/*Finley* letter. In the *Turner*/*Finley* Letter, Counsel indicated that he reviewed the certified record, the notes from his meeting with Powell, and the New Docket. *See Turner*/*Finley* Letter at 1. Counsel identified the issues raised and explained why each lacks merit. *See Turner*/*Finley* Letter at 4-8. Counsel served Powell with a copy of the *Turner*/*Finley* Letter and Application to Withdraw and advised him of his right to retain new counsel or proceed *pro se*. *See Turner*/*Finley* Letter at Proof of Service; *see also* Application to Withdraw at 2 & Proof of Service. Because Counsel complied with the technical and substantive requirements to request withdrawal, and because we agree that the appeal is frivolous as discussed *infra*, we grant the Application to Withdraw.

## IV. Discussion of Claims

Regarding the exhaustion of administrative remedies, this Court has observed that

> [u]nder the doctrine of exhaustion of administrative remedies, which we have previously held to be applicable to the Board's recommitment orders, a parolee is required to exhaust *all* available administrative remedies before a right to judicial review of that order arises. Therefore, a parolee's failure to exhaust his available administrative remedies acts as a bar to judicial intervention in the administrative process.

*St. Clair v. Pa. Bd. of Prob. & Parole*, 493 A.2d 146, 151-52 (Pa. Cmwlth. 1985) (internal citations omitted) (emphasis in original).[6]  Specifically, a parolee who wants to challenge aspects of a revocation order must file an administrative appeal with the Board within 30 days.  *See* 37 Pa. Code § 73.1; *see also Epps v. Pa. Bd. of Prob. & Parole*, 565 A.2d 214, 216 (Pa. Cmwlth. 1989).  "The failure to take an appeal within the time required by law will preclude [a] parolee's assertion of the right to challenge the [B]oard's recommittal order absent proof of ineffective assistance of counsel." *Epps*, 565 A.2d at 216.  As our Supreme Court has explained, compliance with administrative appeal time limitations is a jurisdictional requirement that must be fulfilled prior to reaching the merits of underlying claims. *See Robinson v. Pa. Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990).  An appeal that focuses on the substance of claims while ignoring the untimeliness of the underlying administrative appeal is frivolous.  *See id.*

Here, Powell did not file an administrative appeal within 30 days of the March 2022 Board Decision that recommitted him as a convicted parole violator, but instead challenged the Board's recalculation of his maximum sentence date over three months later in the June 2022 Letter.  The Board treated the June 2022 Letter as a petition for administrative review of the March 2022 Board Decision and denied

---

[6] As this Court has further explained:

> The primary purpose of the exhaustion doctrine is to ensure that claims will be heard, as a preliminary matter, by the body having expertise in the area. This is particularly important where the ultimate decision rests upon factual determinations lying within the expertise of the agency or where agency interpretations of relevant statutes or regulations are desireable. In addition, the exhaustion doctrine provides the agency with the opportunity to correct its own mistakes and to moot judicial controversies.

*St. Clair v. Pa. Bd. of Prob. & Parole*, 493 A.2d 146, 152 (Pa. Cmwlth. 1985).

7

that petition as untimely. As a result, Counsel concluded the claim to be frivolous on appeal. We agree with the Board and Counsel's assessments. Powell's failure to employ the available administrative appeal procedures to timely challenge the recalculation of his maximum sentence date upon his recommitment as a convicted parole violator precluded his later petition for review of the recalculation and appeal of the denial thereof. *See Epps*; *Robinson*.

Further, Powell's claim that his maximum sentence date was improperly recalculated lacks merit. When released on parole, Powell had 440 days remaining on his sentence. Powell received credit for the 28 days he was detained solely on the Board's warrant (from May 7, 2021, through June 4, 2021). *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980) (holding that time spent incarcerated solely on a detainer warrant lodged by the Board is attributable to the original sentence term). However, to the extent Petitioner claims that he should receive a credit on his original sentence for the remaining time he spent incarcerated while awaiting trial on the New Charge, he is incorrect. Our Supreme Court has long held that where a parole violator remains incarcerated prior to trial on new charges because he has failed to satisfy bail requirements on the new criminal charges, such pre-trial custody time is credited to the parole violator's new sentence, not his original sentence.[7] *See Gaito*, 412 A.2d at 571.

Further, to the extent Powell argues he was improperly denied credit for a two-month inpatient rehabilitation program completed in 2016, he is not entitled to relief. "Generally, it is within the trial court's discretion whether to credit

---

[7] This rule applies unless the parolee is not convicted or receives no new sentence on the new charges, in which case the pre-trial custody time must be applied to the parolee's original sentence. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980). That is not the case here.

8

time spent in an institutionalized rehabilitation and treatment program as time served 'in custody.'" *Commonwealth v. Fowler*, 930 A.2d 586, 596 (Pa. Super. 2007).[8] Whether an individual is entitled to credit for time spent in a rehabilitation facility outside of the prison setting depends on the nature of the facility. *See Medina v. Pa. Bd. of Prob. & Parole*, 120 A.3d 1116, 1119-20 (Pa. Cmwlth. 2015) (collecting cases). To be entitled to such a credit for time spent in a rehabilitation facility, a parolee maintains the burden "to develop a factual record and persuade the Board that the program presented an environment so restrictive that he should get credit for the time spent in it, *i.e.*, that the specific characteristics of the program constituted restrictions on his liberty that were equivalent to incarceration." *See Medina*, 120 A.3d at 1119 (internal quotation marks and brackets omitted). In reviewing this claim, Counsel stated that he could "find no legal or factual basis to argue that the claim for [an inpatient rehabilitation time] credit was not waived in the instant matter." *Turner/Finley* Letter at 7. Given that Powell failed to avail himself of the administrative appeal process available to him, as discussed *supra*, we agree with Counsel's conclusion that Powell waived such a claim.

## V. Conclusion

As discussed above, following our independent review of the record and applicable law, we agree with Counsel that Powell has waived the claims raised in the June 2022 Letter by virtue of failing to raise them before the Board in a timely administrative appeal and, further, that the underlying claims lack factual or legal merit. Accordingly, we find the instant appeal to be wholly frivolous and affirm the Board's denial of the claims contained in the June 2022 Letter treated as a petition

---

[8] Although not binding, Superior Court decisions are persuasive authority in this Court. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

for administrative review of the March 2022 Board Decision, and grant the Application to Withdraw.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Toy N. Powell,                       :
          Petitioner         :
                             :
     v.                    :
                             :
Pennsylvania Parole Board,     :   No. 874 C.D. 2022
          Respondent    :

O R D E R

AND NOW, this 30th day of June, 2023, the June 22, 2022 order of the Pennsylvania Parole Board is AFFIRMED. The Application to Withdraw Appearance is GRANTED.

_____
CHRISTINE FIZZANO CANNON, Judge